## ANGELINE NELSON v. MARVIN T. NELSON.

189 N. W. (2d) 413.

July 16, 1971—No. 42672.

*Parris Law Offices, Joseph W. Parris,* and *James J. Hulwi,* for appellant.

*Willette, Zeug & Kraft, DePaul Willette,* and *James E. Zeug,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Defendant appeals from a judgment of divorce and from an order denying his motion for a new trial.

Defendant husband contends that the evidence was insufficient to justify the granting of a divorce to plaintiff on the ground of cruel and inhuman treatment; that plaintiff's testimony was not adequately corroborated; and further, that the trial court's finding of cruel and inhuman treatment lacked requisite detail.

Although this case involves no physical abuse in the form of actual

or threatened violence, the court's finding of cruel and inhuman treatment is based on the type of misconduct defined in Williams v. Williams, 101 Minn. 400, 404, 112 N. W. 528, 530, as—

"* * * other equivalent and serious misconduct which, unjustified in fact, is so plainly subversive of the relationship of husband and wife as to make it impossible that the duties of married life should be discharged, or its objects attained, and to be so hopelessly inimical to the health or the personal welfare of the injured party as to render continuance of the relationship intolerable."

Upon careful review of this record, including plaintiff's accusations of defendant's misconduct and testimony concerning unsuccessful reconciliation attempts, we think the court's finding of cruel and inhuman treatment of this type is not clearly erroneous. Where there is adequate evidentiary support for the trial court's factual findings, as a reviewing court we are bound to accept them. It is especially compelling that we do so in this type of case where the determinations are based primarily on the relative credibility of the parties and the witnesses, whose testimonial demeanor only the trial judge has been permitted to observe and evaluate.

Furthermore, defendant's argument that plaintiff's testimony was not corroborated within the contemplation of Minn. St. 518.28 is without persuasive force since the issue of plaintiff's entitlement to a divorce was vigorously contested and the record gives no indication of any collusion between the parties. See, Kendall v. Kendall, 289 Minn. 494, 181 N. W. (2d) 894; Williams v. Williams, *supra;* Wilson v. Wilson, 229 Minn. 126, 38 N. W. (2d) 154.

Finally, defendant's complaint that the trial court did not "find the facts specially," as required by Rule 52.01, Rules of Civil Procedure, should have been brought to the attention of the trial court and cannot be raised for the first time on appeal, particularly where, as here, "no sound purpose would be served by a remand for a more detailed finding." Kendall v. Kendall, 289 Minn. 494, 181 N. W. (2d) 894, 895.

Defendant also contends that the court abused its discretion in the disposition of the property of the parties acquired during coverture and in the award of alimony, child support, and attorneys' fees. The court found, with ample evidentiary support, that at the time of the divorce defendant's net worth was in excess of the sum of $260,000, consisting largely of real estate which had been acquired through their joint efforts during the parties' 21 years of marriage and was devoted to substantial farming operations. The court also found that defendant has, and may reasonably be expected to continue to have, an average annual

net farm income before depreciation and taxes in the sum of at least $40,000. Plaintiff was awarded a lake cottage; all household furnishings, appliances, and supplies and personal property located in the homestead of the parties; a 1967 automobile; $400 per month alimony; $150 per month child support for each of three minor children; $80,000 as the balance of her share of the property acquired during coverture; and $4,500 attorneys' fees. Plaintiff was awarded custody of the parties' three children, aged 19, 17, and 10 at the time of trial, and defendant was ordered to pay the cost of up to 4 years of post high school education for each child. We think the evidence clearly sustains the court's division of property and see no abuse of discretion in the awards made. If anything, the award of $80,000 out of defendant's net capital assets of $260,000 seems conservative in view of the evidence, and payment thereof was considerately provided to be made in installments, with $20,000 to be paid immediately and the balance payable at $5,000 a year without interest. This award, the alimony awarded, and the child support awarded are well supported by the evidence and not inconsistent with defendant's income and earning capacity, particularly in light of the fact that plaintiff has no present earning capacity.

In short, the trial court's finding of misconduct is not clearly erroneous. In our opinion, the distribution and allowances to plaintiff are well within permissible limits and are amply supported by the evidence.

The fact that this opinion is issued per curiam in no way diminishes its effect, nor does it indicate that this case has not received the same thorough and careful consideration accorded any other case. It indicates merely that the members of the court with one accord feel that the points raised are without force, not requiring elaboration, and that the case is without significant precedential value.

Plaintiff, in addition to the amount allowed by the trial court for her attorneys' fees and expenses, is allowed her costs and disbursements herein plus $500 to apply on her attorneys' fees for services rendered upon this appeal and on such additional attorneys' fees and expenses as may be allowed upon her application to the district court for services rendered in that court during the pendency of this appeal.

Affirmed.