In re the Marriage of Rose M.
SULLIVAN, Petitioner,
Respondent,

v.

Patrick F. SULLIVAN, Appellant.

No. C3–85–688.

Court of Appeals of Minnesota.

Sept. 17, 1985.

William E. Haugh, Jr., St. Paul, for respondent.

Patrick F. Sullivan, pro se.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

Patrick Sullivan appeals from a post judgment order in this dissolution case. On respondent Rose Sullivan's motion, the trial court (1) found that Patrick had a past due obligation to Rose of $16,000 under the property settlement awarded to Rose, and reduced that amount to judgment; (2) found that Patrick had not fulfilled his obligation to pay for the educational expenses of the parties' son Michael, and

ordered him to pay $6,700 for that purpose; (3) permitted Rose to list the parties' homestead for sale if Patrick had not sold it by May 31, 1985; and (4) awarded Rose $300 in attorneys' fees for the cost of bringing her motion.

Appellant Patrick Sullivan disputes the trial court's findings on the arrearages owed to Rose under the property settlement and the amount owed to the parties' son for his educational expenses. Patrick also contends that the trial court abused its discretion in allowing Rose to sell the homestead and in awarding attorneys' fees. We affirm.

## FACTS

Following a trial in October 1983, where a stipulation of the parties was entered into the record and respondent Rose Sullivan proceeded by default, a judgment dissolving the parties' marriage was entered on May 24, 1984. Under the terms of the judgment Patrick Sullivan was to pay Rose $195,000 as follows: (1) $10,000 within 30 days of the date of entry of the Judgment and Decree; and (2) $1,000 or more per month, beginning November 1, 1983, and continuing until the entire $195,000 is paid, with the added conditions that Patrick pay at least $20,000 in each of the years 1984 and 1985, and that Patrick pay the balance in 1986.

Patrick Sullivan was also ordered to assume the responsibility for the educational expenses of the parties' three children who were still in school.

Rose was to reside in the homestead with the parties' children. If she chose to move from the homestead, it was to be sold. If the parties failed to arrange for sale of the homestead by April 1985, it was to be sold by Patrick, who is a licensed real estate broker, and Rose was to cease occupancy when the sale was closed.

In December 1984, Rose Sullivan brought a post judgment motion, alleging that Patrick had failed to comply with both the payment terms of the property settlement and his obligation to pay the college expenses of their son Michael, and requesting an order requiring Patrick to make both of those payments. Asking that sale of the homestead be expedited, she also requested that the trial court set a specific date terminating Patrick's right to act as the agent in the sale of the home, thus permitting Rose to list the home with another realtor if Patrick had not sold the home by that date. Finally, she requested attorneys' fees to cover the cost of bringing the motion. On April 1, 1985, the trial court issued an order granting all of her motions, and Patrick Sullivan appeals.

## ISSUES

1. Did the trial court err in finding that Patrick Sullivan owes $16,000 to Rose Sullivan in arrearages due under the property settlement?

2. Was it error to find that Patrick Sullivan owes $6,700 to the parties' son Michael for college expenses?

3. Was the trial court's order permitting Rose Sullivan to sell the homestead through a realtor if Patrick Sullivan had not sold it by May 31, 1985, an abuse of discretion?

4. Did the trial court abuse its discretion in the award of attorneys' fees?

## ANALYSIS

### 1.

A trial court's findings of fact will not be set aside unless clearly erroneous. Minn. R.Civ.P. 52.01.

Appellant offers no convincing evidence that the trial court erred in finding that $16,000 was owed by him to Rose. On appeal, he interprets the judgment's language regarding the payment schedule to include the initial $10,000, which was to be paid within 30 days of the entry of the judgment, within the total amount of $20,000 to be paid in 1984. The record before us does not reveal whether appellant made this argument to the trial court; however, the language of the judgment clearly requires a lump sum payment of $10,000 in

addition to payment of a minimum of $20,-000 in 1984.

██ Appellant stated in his affidavit that he was not in arrears on the payment schedule; respondent presented evidence that only $14,000 of $30,000 due in 1984 was paid. No additional evidence of payment or nonpayment has been presented to this court on appeal. The trial court's finding that appellant owed $16,000 and its order reducing that amount to judgment was not clearly erroneous and will not be disturbed.

### 2.

██ Similarly, appellant presents no evidence documenting that he has paid anything towards their son Michael's college expenses for the 1984—1985 school year. As for tuition costs, he states that Michael's college billed him directly and he, in turn, paid the bills directly to the school. As for other expenses, such as books, transportation, and personal expenses, he offers no evidence of payment. Where there is adequate evidentiary support for the trial court's factual findings, this court is bound to accept them. *Nelson v. Nelson*, 291 Minn. 496, 497, 189 N.W.2d 413, 415 (1971). Here, absent proof of payment, and in the face of respondent's evidence of the cost of Michael's education and of nonpayment by appellant, the trial court's finding that he owes $6,700 is supported by the evidence and was not clearly erroneous.

### 3.

Appellant also requests that this court strike down the trial court's order terminating him as sales agent for the homestead on May 31, 1985, and permitting respondent to list and sell the home through another realtor if Patrick Sullivan has not sold the home by that date. Minn.Stat. § 518.58 (1984) requires that the trial court make a just and equitable disposition of the property. *Ruzic v. Ruzic*, 281 N.W.2d 502, 505 (Minn.1979); *Kreidler v. Kreidler*, 348 N.W.2d 780, 784 (Minn.Ct.App.1984). The court is guided by equitable considerations in distributing rights and liabilities and has broad discretion in such distribution. *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 758 (Minn.1981); *Kreidler*, 348 N.W.2d at 784. The decision will not be overturned on appeal unless there was a clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 609 (Minn.1977); *Reck v. Reck*, 346 N.W.2d 675, 678 (Minn.Ct.App.1984).

The judgment originally proposed that the sale should be finalized no later than June 1985; the post judgment order also encourages a sale by that date. By issuing its order, the only material change the trial court made in the terms of the judgment was to remove appellant as agent for the sale of the home.

██ Appellant may have a legitimate concern that his removal as sales agent may reduce his net proceeds from the sale, since the parties will now have to pay the sales commission to the listing realtor. It is not clear whether Sullivan intended to pay himself the sales commission if he had sold the home himself, or whether such a payment would even be in compliance with the terms of the judgment. That aside, the trial court apparently based its order on the evidence presented by respondent that the parties were having difficulties agreeing on the price and other terms of the sale of the home, and that, in the interests of minimizing those differences, expediting the sale, and insuring terms which are fair to both parties, an uninvolved realtor should be engaged to sell the home. Such a decision is well within the discretion of the trial court and will not be disturbed on appeal.

### 4.

Finally, appellant contends that the trial court erred in awarding attorneys' fees of $300 to Rose Sullivan. He claims there was no showing of her inability to pay her own attorneys' fees, and that appellant would have fulfilled his obligations under the payment schedule by the end of 1984 had respondent not brought her post judgment motion.

A trial court is permitted to make an award of attorneys' fees. Minn.Stat. § 518.14 (1984). This allowance rests almost entirely within the discretion of the trial court. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977); *Deliduka v. Deliduka,* 347 N.W.2d 52, 57 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. July 26, 1984). The award will not be disturbed by this court absent a clear abuse of discretion. *Bogen,* 261 N.W.2d at 611; *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984). It was within the trial court's discretion, based upon the evidence and the trial court's evaluation of the parties' credibility, to reject appellant's arguments. The award of attorneys' fees was not an abuse of discretion.

### DECISION

The trial court's findings of fact regarding amounts owed by Patrick Sullivan under the terms of the Judgment and Decree are supported by evidence in the record and were not clearly erroneous. It was within the trial court's discretion to remove Sullivan as sales agent for the parties' home if he had not sold the home by May 31, 1985, and to award attorneys' fees to Rose Sullivan.

Affirmed.