**Lyle BERQUAM, Respondent,**

v.

**Thomas BERKNER, Appellant.**

**No. CX–85–512.**

Court of Appeals of Minnesota.

Oct. 15, 1985.

spondent exaggerated the number of hours he worked at the track; and that respondent's faulty workmanship should somehow offset the amount owed.

In a two-paragraph "Findings and Order," the trial court concluded:

> Based upon the file, records, testimony and evidence adduced the Court finds that the Plaintiff is entitled to judgment in the amount of $900 plus costs and disbursements.

Appellant, this time with the help of an attorney, made no post-trial motions and instead appealed from the judgment entered against him.

Guy Ludvigson, Osceola, for respondent.

Steven A. Sicheneder, Christensen, Jennings & Sicheneder, P.A., North Branch, for appellant.

Considered and decided by FORSBERG, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

### FACTS

Respondent Lyle Berquam alleged appellant Thomas Berkner owed him $1900 for work performed. The evidence was relatively undisputed that appellant had hired respondent, a carpenter and handyman, to work at his BMX (bicycle motocross) track for $10 per hour. At a four-hour trial, respondent testified that he worked a total of 172 hours at the track between July 13, 1982 and August 1, 1982. Respondent also claimed that he had paid his assistant $170 and that appellant should reimburse him. Appellant, who appeared at trial *pro se*, asserted a number of defenses or counterclaims. Appellant contended that respondent had been hired by his corporation, Lake Elmo BMX, Inc. and that he was therefore not individually liable for the debt; that respondent was responsible for hiring and paying the assistant; that re-

### DISCUSSION

Appellant contends that the trial court's findings are inadequate because they fail to "find the facts specially" as required by Minn.R.Civ.P. 52.01. This defect, however, was not brought to the attention of the trial court and cannot be raised for the first time on appeal. *Nelson v. Nelson*, 291 Minn. 496, 497, 189 N.W.2d 413, 415 (1971).

Admittedly, the trial court's findings lack detail and specificity. However, a remand for more detailed findings would serve little purpose, because the trial court's decision is amply supported by the evidence. It was quite clear that appellant owed respondent money. After evaluating the credibility of the witnesses and weighing the evidence, the court sorted through the parties' claims and defenses and concluded that respondent was entitled to judgment in the amount of $900. Because of the trial court's unique vantage point as the trier of fact, this conclusion was well within its discretion.

Appellant admitted that he owed the money, yet was unable to explain his failure to pay. Moreover, appellant's only argument on appeal (that the findings were not specially made) was raised for the first time before this court and is without legal merit.

## DECISION

Appellant's complaint that the trial court did not "find the facts specially," as required by Minn.R.Civ.P. 52.01 should have been brought to the attention of the trial court and cannot be raised for the first time on appeal, particularly where no sound purpose would be served by a remand for more detailed findings.

Affirmed.