In re the Marriage of Roger LINDER, petitioner, Respondent,

v.

Judith LINDER, Appellant.

No. C3–86–23.

Court of Appeals of Minnesota.

July 15, 1986.

Theodore J. Collins, Lori L. Nuebel, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Jack S. Jaycox, Paul M. Gabbert, Jack S. Jaycox Law Offices, Ltd., Bloomington, for appellant.

Considered and decided by NIEREN-GARTEN, P.J., and LANSING and HUS-PENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Judith Linder appeals from an amended dissolution judgment that provides statutory interest on respondent Roger Linder's lien on the parties' homestead and from an order directing her to sell the homestead at a set price. Respondent seeks review of the date from which the trial court ordered interest on his lien to accrue. We affirm.

## FACTS

The parties' 22–year marriage was dissolved on September 4, 1981. Pursuant to the parties' stipulation, the dissolution judgment and decree awarded the parties' homestead to appellant, subject to a non-in-

terest bearing lien in favor of respondent in the amount of $64,000. The decree further provided that the lien be satisfied on August 20, 1983, or prior to that date if appellant died, remarried, ceased to live at the house or began to live with a non-related adult in the house. The parties stipulated that the market value of the home was approximately $180,000. A mortgage of approximately $41,400 encumbered the home.

In September 1983, respondent brought a motion for an order foreclosing his lien. Respondent asserted that appellant had not made an effort to satisfy his lien and had listed the home at an inflated price in an attempt to prevent its sale.

Appellant made a counter-motion to amend the decree to extend the due date of respondent's lien for six months. In her October 24, 1983, affidavit accompanying the motion, appellant stated that she listed the home for sale on April 4, 1983, at her realtor's suggested listing price of $219,000. She claimed that she had diligently tried to sell it, but she had received no offers. She further stated:

> In spite of the fact that this house has been reasonably listed at $219,000.00, * * * I am willing to reduce the asking price on the property to $209,000.00 * * *. I would ask that the Court amend the Judgment and Decree by adding six months to the time that I have to fulfill [respondent's] lien. *I would be more than willing to have interest on his lien accumulate from that date.*

(Emphasis added). In another affidavit, appellant's realtor reiterated that the home had been listed at a reasonable price and that appellant had cooperated in attempting to sell it.

On December 6, 1983, the family court referee issued a recommended order amending the dissolution decree. The recommended order provided in relevant part:

> That * * * the Judgement and Decree * * * is hereby amended to provide that the date for satisfaction of the lien is extended from August 20, 1983, to February 20, 1984.

> That [respondent's] lien in the homestead shall bear interest at the statutory rate provided in [Minn.Stat. § 549.09], commencing February 21, 1984.

In March 1985, respondent made another motion for an order foreclosing his lien. Respondent again alleged that appellant had not made a reasonable effort to sell the home, particularly in light of the fact that she removed the home from the Multiple Listing Service in the summer of 1984 and had not made any effort to sell it since October 1984.

Appellant responded with a motion for an order holding respondent responsible for one-half of the cost of the improvements that she had made to the home. In appellant's accompanying affidavit, she expressed her desire to sell the home and stated that she had listed it with four different realtors over the course of two years. She explained that when a listing ran out in the late summer of 1984 she did not relist the home until March 1, 1985, because she had been advised to take it off the market. Appellant stated that she had tried to sell the home herself during October and November 1984. She stated that her relisting was delayed because of an illness in her family. She relisted the home in March 1985 at $189,000. Appellant also documented a long list of improvements that she had made to the property.

Appellant had an appraisal done on the property and submitted it to the court. The appraiser determined that, as of March 13, 1985, the property had a market value of $175,000, assuming it had to be sold within a ninety-day period. If the property did not have to be sold within a ninety-day period, it had a market value of $185,000, according to the appraiser. Respondent requested that the court order appellant to list the homestead at $165,000.

On May 24, 1985, the referee recommended that the homestead be listed for sale at $175,000 and that appellant accept any offer over $165,000. The referee further recommended that, if after three months the home was not sold, appellant

was to list it at $170,000 and accept any offer over $165,000 during the first thirty days and, after that, accept any offer over $160,000.

Appellant requested further review of the May 1985 recommended order. After reviewing the referee's recommended order, the district court remanded the matter to the referee for the purpose of determining whether refinancing was a feasible alternative to selling the home.

Upon remand, the referee recommended that the May 1985 order be implemented posthaste and awarded respondent $500 in attorney's fees pursuant to Minn.Stat. § 549.21 (1984). On October 4, 1985, after reviewing the referee's findings and recommendation on remand, the district court approved the May 1985 order.

On December 5, 1985, respondent served notice of entry of the October 4, 1985 order upon appellant. On December 19, 1985, the district court entered an amended judgment and decree to incorporate the amendments set forth in the court's December 6, 1983 order.

Appellant appeals from the amended judgment and decree, and the October 4, 1985 order. Respondent filed a notice of review and seeks statutory interest accruing from August 20, 1983, (the original date set for satisfaction of respondent's lien), rather than from February 21, 1984.

## ISSUES

1. Did the trial court abuse its discretion in amending the judgment to provide interest on respondent's lien after February 21, 1984?

2. Did the trial court abuse its discretion in ordering appellant to list the house at a set price and accept any offers within a certain price range?

## ANALYSIS

### I.

Appellant argues that the trial court improperly modified the original property division by awarding respondent interest on his lien accruing after February 21, 1984.

■ Property divisions are final and cannot be modified except where they are the product of mistake or fraud. Minn.Stat. § 518.64 (Supp.1985); *Kerr v. Kerr,* 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976). Property divisions become final for purposes of section 518.64 after the appeal period expires. *Boom v. Boom,* 367 N.W.2d 536, 538 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. June 27, 1985). Here, the time for appeal from the judgment and decree has long passed.

In *Kerr,* the supreme court held that the provision in a dissolution decree that awarded one party the homestead subject to the other party's lien was a division of property and not subject to modification. 309 Minn. at 126–27, 243 N.W.2d at 314–15. The court further held, however, that the provisions postponing realization of the lien were in the nature of child support and therefore were subject to modification. *Id.* at 128, 243 N.W.2d at 315.

■ In this case, the award of the homestead to appellant subject to respondent's lien is part of the property division. Further, we believe that the award of interest on respondent's lien represents a modification of the property division and is not a condition on the lien that could be characterized as child support or maintenance. Despite this determination, however, we find no error here. In her October 24, 1983 affidavit, appellant specifically stated: "I would be more than willing to have interest on his lien accumulate from [the extended] date." We find this declaration determinative to our disposition of this issue. It appears that appellant offered the court a compromise and alternative to an order foreclosing respondent's lien. She requested a six-month extension on the due date of respondent's lien and, in return, she offered to pay interest on respondent's lien accruing after the extended due date. It is clear from the December 6, 1983 order that the referee adopted this compromise. Appellant cannot now complain of a result that she herself was instrumental in bring-

ing about. *See, e.g., Reinertson v. Long,* 198 Neb. 397, 401, 253 N.W.2d 40, 42 (1977).

On appeal, respondent argues that he should have been awarded interest on his lien accruing from August 20, 1983, rather than from February 21, 1984. We decline to consider this issue, because respondent failed to raise it before the trial court. *Eakman v. Brutger,* 285 N.W.2d 95, 97 (Minn.1979).

## II.

■ Appellant also argues that the trial court improperly modified the property division by ordering her to list the house at a set price and accept any offers within a certain price range.

A trial court can issue appropriate orders implementing or enforcing specific provisions of a dissolution decree. *See Hanson v. Hanson,* 379 N.W.2d 230, 233 (Minn.Ct. App.1985) (court converted one party's share of the parties' personal property to a cash award after the parties were unable to physically divide up the property); *Sullivan v. Sullivan,* 374 N.W.2d 517, 519 (Minn.Ct.App.1985) (court replaced the former husband who was the real estate agent selling the parties' home with a neutral realtor when the parties could not agree on the sale price or other terms of the sale).

Here, the trial court acted within its discretion in attempting to expedite the sale of the home. It did not improperly modify the property division. The terms of the decree did not guarantee a set return on the sale of the home. The stipulated decree provided that the home was to be sold within a limited period of time. By the terms of that decree, appellant had no assurance that when she was required to sell the home she would be able to sell it at the price she desired.

Respondent's request for attorney's fees on appeal is denied.

## DECISION

Appellant cannot challenge the trial court's award of statutory interest on re-

spondent's lien. The trial court did not abuse its discretion in ordering appellant to list the homestead at a set price and accept any offers within a certain price range.

Affirmed.