**In re the Marriage of DeWayne Kermit ERICKSON, Petitioner, Appellant,**

v.

**Betty Lou ERICKSON, Respondent.**

**No. C9–89–1207.**

Court of Appeals of Minnesota.

March 6, 1990.

**254**

John H. Martin, St. Paul, for appellant.

Nancie R. Theissen, Steffen & Munstenteiger, P.A., Anoka, for respondent.

Considered and decided by
CRIPPEN, P.J., and GARDEBRING
and FLEMING,* JJ.

## OPINION

GARDEBRING, Judge.

On March 14, 1988, respondent Betty Erickson moved to enforce the parties' March 1984 dissolution decree. The trial court assigned a fixed dollar amount to respondent's lien on appellant DeWayne Erickson's property, characterized the lien as a mortgage, imposed interest on the lien and awarded attorney fees to respondent. Appellant argues on appeal the trial court erred by improperly modifying the parties' original March 1984 decree and by concluding he failed to make good faith and reasonable efforts to sell the property. We affirm in part and reverse in part.

## FACTS

This case arises because appellant DeWayne Erickson failed to sell his property on which respondent Betty Erickson holds

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

a lien pursuant to the parties' March 15, 1984, dissolution decree. The decree awarded the property to appellant subject to respondent's lien for 50% of the net proceeds upon the sale of the property. According to the decree, encumbrances on the property and the costs of sale were to be subtracted from the sale price to calculate the net proceeds. After one of two triggering events occurred—the parties' son graduated from high school or reached age 18—appellant was to place the property on the active real estate market for sale. On July 26, 1984, the parties' son turned 18.

Appellant's property, however, was not sold, prompting respondent to seek enforcement of the original decree. In its November 30, 1987, amended findings of fact, conclusions of law and order, the trial court interpreted the original decree to require appellant to take reasonable steps to sell the property. Further, the trial court issued the following order:

> If the homestead remains unsold on February 26, 1988, the Court shall review the petitioner's efforts to sell the homestead. If the Court finds that the petitioner has not undertaken reasonable efforts to sell the property, the Court will order the petitioner to satisfy the respondent's lien interest within thirty days. The Court will determine the parties' equity in the property by considering the parties' appraisals, if any, an independent appraisal obtained by the Court from an appraiser on the list submitted by the parties, and the list price of the property.

Following a March 1988 hearing, the trial court concluded appellant failed to comply with the November 1987 order to make reasonable efforts to sell the property. In the trial court's April 4, 1989, ancillary judgment, from which this appeal is taken, the trial court ordered:

> 1. That the respondent shall have a lien in the nature of a mortgage in the principal amount of $45,446.00. That this lien shall mature and is due and

payable within 6 months from the date of the Court's Order dated August 16, 1988. If the lien is not satisfied within such time respondent may foreclose on the lien and/or may make a motion to ask that [appellant] be held in contempt. That the lien shall accrue interest from the date the lien became due, or February 16, 1989, at the rate of 8 percent per year.

2. That the respondent shall have Judgment against [appellant] as and for attorney's fees in the amount of $1,500.00, and costs in the amount of $350.00, amounting in all to the sum of $1,850.00 * * *.

## ISSUES

1. Did the trial court err by concluding appellant failed to make reasonable efforts to sell his property?

2. Did the trial court err by improperly modifying the parties' original judgment and decree?

3. Did the trial court err in awarding attorney fees to respondent?

## ANALYSIS

### I.

■ Appellant avers the trial court erred by concluding he failed to comply with the November 1987 order to make reasonable efforts to sell his property. A trial court is accorded broad discretion in marriage dissolution property divisions. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). A decision by the trial court must be upheld unless it arrives at a clearly erroneous conclusion that is against logic and facts on the record. *Id.*

■ To support its conclusion, the trial court relied upon several undisputed findings, three of which we believe decisive. First, between April 1985 and January 1988 appellant showed the property for sale only once. Further, appellant provided no evidence of his advertising the property after April 1987, despite the trial court's August 1987 order requiring him to do so. Finally, after his listing agreement ended with one realtor in February 1988, appellant waited five weeks to retain another realtor, and at that time, tried to list the property for $145,000, even though the parties agreed its value was only $106,400. Under these circumstances, the trial court's conclusion was not clearly erroneous.

### II.

■ Appellant argues the trial court improperly modified the parties' original judgment and decree. The trial court may not modify a division of property after the original judgment has been entered and the time for appeal has expired. *Mikkelsen v. Mikkelsen*, 286 Minn. 520, 522, 174 N.W.2d 241, 243 (1970); Minn.Stat. § 518.64, subd. 2 (Supp.1989). Nonetheless, the trial court may issue appropriate orders implementing or enforcing specific provisions of the dissolution decree. *Linder v. Linder*, 391 N.W.2d 5, 8 (Minn.Ct.App.1986).

■ First, appellant argues the trial court erred in setting a precise lien value before the property's actual sale. We disagree. The trial court acted within its discretion in calculating the equity value of the property and according respondent her one-half share pursuant to the lien. The parties agreed to the property's appraisal value of $106,400. Using this figure, the trial court deducted encumbrances totaling $15,508, following the formula set out in the original March 1984 decree, to establish respondent's lien value in the amount of $45,446.

*Hanson v. Hanson*, 379 N.W.2d 230 (Minn.Ct.App.1985), supports our decision. In *Hanson*, the parties could not agree on the division of their personal property, although the dissolution decree granted one-half of the property to each party. To solve the problem and enforce the decree, the trial court awarded the wife title to the property and ordered her to pay one-half of the property's value to the husband. This court affirmed the trial court reasoning enforcement of the decree in this way only changed the form of the husband's interest in property from goods to cash. Further, the trial court's decision did not affect the parties' substantive rights, that is, neither

party received more or less than under the original decree. *Id.* at 233.

Similarly, in this case the trial court's April 1989 judgment neither affected the parties substantive rights nor altered the terms of the parties' original decree. Here, respondent receives the value of her lien interest and appellant maintains his fee title in the property.

■ Second, appellant argues the trial court erred in characterizing respondent's lien as a mortgage entitled to foreclosure. This argument is without merit. Foreclosure is the statutory mechanism that provides for the satisfaction of mortgages. *See* Minn.Stat. ch. 581 (1988). We recognize the original decree did not provide expressly for a means to enforce respondent's lien. It is evident, however, the parties intended to have the property sold in the summer of 1984. Yet for the next four years, during which appellant failed to make reasonable efforts to sell the property, the parties' intent, as indicated by the original decree, remained thwarted. Under these circumstances, and because we find no authority exempting spousal liens from foreclosure, the trial court acted within its discretion by concluding respondent may foreclose on her lien.

■ Finally, appellant contends the trial court erred in awarding 8% interest on respondent's lien. The original decree does not provide for an interest bearing lien. Award of interest on a party's lien represents a modification of the original property division. *Linder,* 391 N.W.2d at 7. In *Linder* the court allowed interest to be placed on the lien because the other party consented to it in an affidavit. *Id.* No consent exists in this case, however, and therefore, the trial court's imposition of interest on respondent's lien constitutes an impermissible modification of the March 1984 decree.

### III.

■ Attorney fee awards rest in the trial court's discretion and normally will not be disturbed absent a clear abuse of discretion. *Smolecki v. Smolecki,* 386 N.W.2d

846, 849 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 16, 1986). The trial court was within its discretion in awarding respondent attorney fees in the amount of $1500 and costs in the amount of $350.

Further, the parties' relative financial resources are such that respondent is entitled to a reasonable amount of attorney fees on appeal. Minn.Stat. § 518.14 (1988). We therefore award respondent $1200 in attorney fees.

### DECISION

The trial court did not err in concluding appellant failed to make reasonable efforts to sell his property. Moreover, the trial court acted within its discretion by assigning a fixed dollar amount to respondent's lien and characterizing it as a mortgage entitled to foreclosure. Further, the trial court correctly awarded respondent attorney fees. However, the trial court erred by imposing interest on respondent's lien.

Affirmed in part, reversed in part.