*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2193**

Katherina Theresa Bernhagen, petitioner,
Respondent,

vs.

Peter John Bernhagen,
Appellant.

**Filed July 28, 2014
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-FA-07-4969

Mark E. Mullen, Jensen, Mullen & McSweeney PLLP, Bloomington, Minnesota (for respondent)

Peter J. Bernhagen, Eden Prairie, Minnesota (pro se appellant)

Considered and decided by Rodenberg, Presiding Judge; Johnson, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant-husband challenges the district court's determination of the value of his lien interest in the parties' homestead. We affirm.

# FACTS

Appellant-husband Peter John Bernhagen and respondent-wife Katherina Theresa Bernhagen were divorced on December 31, 2008. The dissolution decree awarded ownership of the parties' homestead to wife and awarded husband a lien interest in the homestead. This appeal involves husband's lien interest:

> [Husband] is awarded a lien interest in the property. [Husband's] lien is due and payable within 60 days of the first to occur of any of the following triggering events:
>
> (1) The voluntary sale or refinancing by [wife] of the property, in which case [husband] is to be paid at closing[;]
> (2) [r]emarriage of [wife];
> (3) [t]he death of [wife];
> (4) [t]he emancipation of the youngest minor child; or
> (5) [wife] cohabiting with an unrelated male third party for more than 6 months[.]
>
> To determine [husband's] lien interest in the home, [wife] shall pay to [husband] a sum equal to 50% of the net value of the homestead on the date of payment. The date of payment is defined as the first to occur of the events described immediately above in items (1) through (5). The net value is defined as follows:
>
> Fair market value
>
> less (costs of sale if the property is sold or costs of refinancing)
>
> less (The [wife] is taking a mortgage out against the home to pay off the contract for deed owed to [husband's mother] for the homestead. Any amounts paid by [wife] toward the reduction of the amount owed to [husband's mother], as set forth herein, for the contract for deed shall be credited and/or reimbursed to [wife] at the time of the lien pay off to [husband])

2

less (reimbursement to [wife] for any necessary capital improvements to which [husband] has agreed in writing).

The fair market value will be determined by agreement of the parties or a mutually agreed upon appraisal of the property.

In October 2012, and in response to an unrelated motion, husband alleged in an affidavit filed with the district court that wife had been cohabiting with an unrelated male for more than six months, a "triggering event" requiring that his lien interest be paid. Wife then filed an affidavit admitting that she lived with an unrelated male for more than six months, and explaining that she had commissioned an appraisal of the homestead, valuing it at $265,000. She further stated that husband said he would pay for his own appraisal, but had not done so. The district court issued an order on the unrelated issue and, although husband had not moved for enforcement of his lien on the homestead, noted that husband's lien interest "is now due."

In April 2013, husband moved the district court to order that his lien interest in the homestead either be paid or that the property be sold and his lien interest paid from the sale proceeds. In response, wife contended that the parties had tried to reach a settlement but were unable to agree on the amount husband was owed. Wife also stated that she had tried unsuccessfully to refinance the homestead. Wife moved the district court to delay the lien payment until she could refinance the home or until the parties' youngest child graduated from high school.

In its August 12, 2013 order following a hearing on the motions, the district court ordered wife to "make a good faith effort to immediately sell or refinance the homestead" in accordance with the dissolution decree. It noted that the June 2012 appraisal was "an

3

accurate reflection of the homestead's fair market value." The district court added a new mechanism for valuing husband's lien interest, providing that, if wife sold the homestead, the sale price would be used, and if she refinanced the homestead, a new appraisal would be obtained.

After the August 12 order, husband made an unrelated motion in district court. In response to this motion, wife moved the district court for clarification of its August 12 order, requesting that the fair market value of the home be set at $265,000 "for purposes of refinancing and the buyout of [husband's] interest in the home." Wife argued that the dissolution decree requires payment based on the value of the homestead on the date of the triggering event, not on the date of payment. Therefore, she argued, the proper valuation date was the point in time when she had lived with an unrelated male for more than six months (around the time of the June 2012 appraisal). Husband did not respond to this motion.

On September 23, the district court issued a second order, stating:

> The [fair market value] is determined at the time of the triggering event, which occurred prior to the June 2012 appraisal of $265,000. Therefore, the [fair market value], according to the terms of the judgment and decree, is the value at the time of the triggering event (which immediately preceded the occurrence of the appraisal) and not the present day [fair market value].

The district court concluded that the fair market value of the homestead used to calculate husband's lien interest is $265,000. This appeal followed.

## D E C I S I O N

"District courts have broad discretion over the division of marital property and appellate courts will not alter a district court's property division absent a clear abuse of discretion or an erroneous application of the law." *Sirek v. Sirek*, 693 N.W.2d 896, 898 (Minn. App. 2005). When dividing property, a district court abuses its discretion when it resolves the matter in a manner "that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). A district court "may not modify a division of property after the original judgment has been entered and the time for appeal has expired." *Erickson v. Erickson*, 452 N.W.2d 253, 255 (Minn. App. 1990). But the district court "may issue appropriate orders implementing or enforcing specific provisions of the dissolution decree." *Id.*

Stipulated dissolution decrees are treated as binding contracts. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). Whether a dissolution decree is ambiguous is a question of law. *Tarlan v. Sorensen*, 702 N.W.2d 915, 919 (Minn. App. 2005). "If a judgment is ambiguous, a district court may construe or clarify it. The meaning of an ambiguous judgment provision is a fact question, which we review for clear error." *Id.* (citation omitted). "[I]f language is reasonably subject to more than one interpretation, there is ambiguity." *Halverson v. Halverson*, 381 N.W.2d 69, 71 (Minn. App. 1986).

The dissolution decree here requires wife to pay husband "50% of the net value of the homestead on the date of payment," with the date of payment "defined as the first to occur of the [five triggering] events" listed in the dissolution decree. Based on the relevant triggering event, the decree requires wife to pay husband 50% of the net value of

5

the homestead on the date that she has been "cohabiting with an unrelated male third party for more than six months." The dissolution decree is not ambiguous as it is susceptible of no other reasonable interpretation. *See id.* Therefore, the district court correctly concluded in its September 23 order that the fair market value for purposes of valuing husband's lien interest "is determined at the time of the triggering event."

Husband urges us to "vacate" the provision of the September 23 order that contradicts the August 12 order so that his lien interest in the homestead can be recalculated based on current value.[1] The August 12 order impermissibly modified the unambiguous language of the decree, which requires calculation of the fair market value based on the date of the triggering event. *See Erickson*, 452 N.W.2d at 255 ("The [district] court may not modify a division of property after the original judgment has been entered and the time for appeal has expired."). Husband had not moved to reopen the decree to modify its unambiguous language. *See* Minn. Stat. § 518.145, subd. 2 (2012) (explaining that a district court may reopen a dissolution decree on the motion of a party under limited circumstances). Because the dissolution decree is unambiguous regarding

---

[1] Husband suggests that the district court erred in issuing its September 23 order because it was bound by its August 12 order. We disagree. Wife asked the district court to clarify the August 12 order. And a district court is generally not restricted by its own earlier erroneous orders. *See* Minn. R. Civ. P. 52.02 (stating that upon the motion of a party, a district court can amend its findings, make additional findings, or amend its judgment). Moreover, because husband did not argue to the district court that it was bound by its August 12 order, we decline to address the issue. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it." (quotation omitted)).

calculation of the fair market value, the district court corrected its own earlier error in the September 23 order.

Husband also contests the district court's determination that the homestead's fair market value on the date of the triggering event was $265,000. A district court has broad discretion in dividing property and in setting reasonable valuation dates. *Desrosier v. Desrosier*, 551 N.W.2d 507, 510 (Minn. App. 1996). A district court's valuation of an asset is a finding of fact, which we will not set aside unless it is clearly erroneous. *Maurer v. Maurer*, 623 N.W.2d 604, 606 (Minn. 2001). Although a district court need not determine the exact value of an asset, it must reach a value "within a reasonable range of figures." *Id.*

Husband argues that the district court erred in establishing the value of his lien interest in the homestead at $265,000 because the parties did not mutually agree to that figure. He also did not challenge the finding in the August 12 order that the June 2012 appraisal was "an accurate reflection of the homestead's fair market value." Husband is correct that the dissolution decree provides that the fair market value of the property is to "be determined by agreement of the parties or a mutually agreed upon appraisal of the property." Husband agreed to neither the $265,000 figure nor the June 2012 appraisal. But husband did not present his own appraisal and did not raise this issue before the district court. For the first time on appeal, husband also argues that the $265,000 figure is erroneous based on the value of comparable properties in the area.[2] He cannot now

_____

[2] This new evidence is not admissible on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the [district] court, the exhibits, and the transcript of the proceedings,

7

challenge the $265,000 figure based solely on his contention that the parties did not agree to it or that the figure is erroneous. *See Thiele*, 425 N.W.2d at 582.

The district court determined that the triggering event "immediately preceded the occurrence of the [June 2012] appraisal." This finding both credits wife's version of events over husband's and is supported by the record. *See Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000) (explaining our deference to the district court's credibility determinations on appeal). The district court received only one appraisal of the property on or near the date of the triggering event. It was presented with no other evidence of value. Given the record before the district court, we cannot say that the $265,000 figure is clearly erroneous. The district court did not err in determining that the fair market value of the homestead on the triggering date was $265,000.

**Affirmed.**

---

if any, shall constitute the record on appeal in all cases."); *Thiele*, 425 N.W.2d at 582-83 ("An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below.").