In re the Marriage of: Nancy Lee
**DICKS, Petitioner, Respondent,**

v.

**John Campbell DICKS, Appellant.**

**No. C5–85–806.**

Court of Appeals of Minnesota.

Jan. 7, 1986.

Mary Louise Klas, St. Paul, for respondent.

Warren M. Horner, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

John Dicks appeals from a judgment and decree of marriage dissolution dividing property, providing for spousal maintenance, and awarding Nancy attorney's fees. John contends the trial court abused its discretion in failing to award him $5,000 of non-marital funds used to build a garage at the homestead. He further asserts that the trial court failed to make a finding of fact justifying the apportionment of his non-marital assets. Nancy Dicks filed a notice of review, contending that the trial court erred in (1) granting John a lien on the homestead awarded to Nancy, (2) limiting spousal maintenance to two years, and (3) awarding Nancy only $500 in attorney's fees. We affirm.

## FACTS

John Dicks and Nancy Dicks' twelve year marriage was dissolved on February 4, 1985, when John was 38 years old and Nancy was 34. John is a licensed electrician periodically employed but who was to be laid off the day after trial. John's prior sporadic employment record was caused, in part, by a disability resulting from a motorcycle accident in which he was injured.

Nancy completed a beautician's course and worked as a beautician prior to and for a short period after the parties were married before letting her license expire. She was employed at Brown and Bigelow and most recently has done light housekeeping two mornings a week. Nancy planned to enter a medical or dental assistant training program in September of 1985.

Their children are Jonathon, born in 1974, Jason, born in 1975, and Jill, born in 1980.

In December of 1978, Nancy entered an alcohol treatment program at St. Mary's Hospital and then participated in Alcoholic's Anonymous for five years. At the time of trial she was seeing a counselor on a weekly basis. Jason has been diagnosed as hyperactive, and Jill suffers from asthma. The family has engaged in extensive counseling resulting from John's incestuous behavior. Because of the sexual abuse, the

Ramsey County Child Protection Agency ordered John to leave the family home.

The trial court ordered John to pay Nancy $200 per month for two years for spousal maintenance, commencing the first day of the month after Nancy no longer receives aid from the county.

John left the parties' home with certain personal property with the consent of Nancy, plus several household items awarded by the court. The remaining property was divided as follows:

*Property awarded to Nancy Dicks*

| | |
|---|---|
| Homestead (net marital value of $39,200 less John's $15,000 lien) | $24,200.00 |
| (½ of John's non-vested pension plan) | undetermined |
| Total | $24,200.00 |

*Property awarded to John Dicks*

| | |
|---|---|
| Lien on homestead | $15,000.00 |
| 1977 motorcycle | 1,400.00 |
| Honda motorcycle | 2,500.00 |
| 1977 van | 1,400.00 |
| St. Paul Electrical Construction Supplemental Pension Plan | 2,395.00 |
| St. Paul Electrical Construction Deferred Compensation Plan | 449.00 |
| (½ of John's non-vested pension plan) | undetermined |
| Total | $23,144.00 |

John also received non-marital assets identified as a certificate of deposit worth $15,352 and a camper purchased for $2,200, assets John purchased with funds John inherited from his mother's estate.

The judgment and decree also awarded Nancy $500 in attorney's fees without explanation.

## ISSUES

1. Did the trial court abuse its discretion in failing to award John Dicks $5,000 of his non-marital funds used to build a garage at the parties' homestead?

2. Did the trial court abuse its discretion in granting John Dicks a $15,000 lien on the homestead awarded to Nancy Dicks?

3. Did the trial court abuse its discretion in limiting spousal maintenance awarded to Nancy Dicks to two years?

4. Did the trial court abuse its discretion in awarding Nancy Dicks $500 in attorney's fees?

## ANALYSIS

### Standard of Review

In dissolution cases, the trial court has broad discretion in awarding spousal maintenance, dividing property, *Swanstrom v. Swanstrom*, 359 N.W.2d 634, 636 (Minn.Ct. App.1984), and awarding attorney's fees. *Weldon v. Schouviller*, 369 N.W.2d 308, 310 (Minn.Ct.App.1985). Such awards will not be disturbed on appeal absent a clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 609, 611 (Minn.1977); *Frederiksen v. Frederiksen*, 368 N.W.2d 769, 775 (Minn.Ct.App.1985). An abuse of discretion will be found only if there is "a clearly erroneous conclusion that is against logic and the facts on record." *Swanstrom*, 359 N.W.2d at 636 (citations omitted). *See also Castonguay v. Castonguay*, 306 N.W.2d 143, 147 (Minn.1981) (trial court's decision must be affirmed if it has an acceptable basis in fact and principle even though the reviewing court might have taken a different approach).

### I

### Property Division

1. The trial court found the Dicks had a net marital equity of $39,200 in their homestead, and awarded the homestead to Nancy, subject to a $15,000 lien granted to John. The court further found that a certificate of deposit worth $15,352 and a camper worth $2,200 were non-marital assets because John purchased them with funds he inherited from his mother's estate. *See* Minn.Stat. § 518.54, subd. 5 (1984).

In addition to investing his $13,000 inheritance in treasury bills, John claims the inheritance was sufficient to pay off a loan of $2,200, purchase a camper for $2,200, pay an undetermined amount of joint bills, and build a garage for $5,000 to improve the homestead property. John admitted,

when asked by the court, that he was not sure "what was done out of [his] mother's money."

John contends that he is entitled to a $5,000 credit for the garage contribution to the homestead, and that the trial court abused its discretion by apportioning that asset without a specific finding of fact relating to unfair hardship for Nancy.

Minn.Stat. § 518.58 provides that a court may apportion up to one-half of any non-marital property if "either spouse's resources or property, including his portion of the marital property * * *, are so inadequate as to work an unfair hardship, considering all relevant circumstances." Minn.Stat. § 518.58 (1984). Non-marital property includes "a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse." Minn.Stat. § 518.54, subd. 5 (1984). If a trial court apportions non-marital property, "it shall make findings in support of the apportionment." Minn.Stat. § 518.58.

In *Kreidler v. Kreidler,* the husband argued that the trial court's award of the homestead to the wife disregarded his contributions to the homestead in the form of income, labor, and a small inheritance. *Kreidler v. Kreidler,* 348 N.W.2d 780, 783 (Minn.Ct.App.1984). Although this court noted that it was impossible to trace exactly what money was spent on specific items, this court held that the husband was entitled to a credit for his contribution to the homestead. *Id.*

Nancy conversely argues that the trial court did not err in *refusing to apportion* John's non-marital property, claiming that John waived his claim of non-marital contribution in his response to the following question by his counsel:

Q: Have you asked for that in these negotiations, the money that was paid into the house, the garage loan, and the patio slab?

A: No, I just asked for half the house.

and

Q: In other word you're not sure what was done out of your mother's money?

A: I'm not sure, I don't believe so.

Q: In any case, all of those things are not part of these negotiations. We are not asking the court to reimburse you for that money apart from any other division of the homestead interest?

A: No.

John now claims he understood by his answers that he would not be seeking a separate award of funds.

John was also uncertain about whether money from his mother was used to pay off a car or motorcycle loan. Based on this evidence, the court did not err in its award of non-marital assets.

■ 2. Nancy claims that the trial court erred in granting John a $15,000 lien on the homestead.

Minn.Stat. § 518.58 provides that courts shall divide marital property based on findings "on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party." Minn.Stat. § 518.58 (1984). This statute expressly provides that property division should be made without regard to marital misconduct. *Id.*

Nancy emphasizes that John sexually abused his children, and thus the children will require counseling for an unknown period of time at an unknown cost. She cites *Frederiksen v. Frederiksen,* 368 N.W.2d 769, 775 (Minn.Ct.App.1985), as authority for awarding her the entire homestead equity. In *Frederiksen,* however, unlike this case, the wife had severe emotional and physical problems, a long history of severe obesity, and no marketable skills. *See Frederiksen,* 368 N.W.2d at 772–773.

Here Nancy intends to enter a new vocation by starting school in the fall of 1985. The trial court's property division is sustained by the evidence.

## II

### Maintenance

3. Nancy claims the trial court abused its discretion in limiting her award of spousal maintenance to two years. She requests five years with a reservation of further maintenance.

Although Nancy's beautician's license has expired and she has not worked in that capacity since her first year of marriage, she still retains a beautician's skills. At the present time, Nancy works as a house cleaner with a net income of $72 per month, in addition to which she receives $611 per month under an AFDC grant and is eligible for $125 per month in food stamps.

Nancy intends to pursue medical or dental assistant training at a vocational school and will receive county assistance if at the time she enters she is financially able to continue receiving an AFDC grant.

Minn.Stat. § 518.552, subd. 1 provides that maintenance shall be awarded if the spouse seeking it lacks sufficient property to provide for reasonable needs and is unable to adequately support himself or herself considering all relevant circumstances or is the custodian of a child whose condition makes it appropriate that the custodian not be required to seek employment. Minn.Stat. § 518.552, subd. 1 (1984).

The statutory factors to be utilized include the resources of each party, the duration of the marriage, contributions of each spouse to the marriage, time the recipient needs for education leading to "appropriate" employment, and the couple's previous standard of living. *See* Minn.Stat. § 518.-552, subd. 2 (1984). These factors require the courts to balance the supporting spouse's financial needs and capacity against the other spouse's financial needs and capacity. *Sefkow v. Sefkow*, 372 N.W.2d 37, 48 (Minn.Ct.App.1985) (citation omitted).

Despite Nancy's argument that her son's emotional problems and troublesome behavior might interfere with her career, and that she and the children will not be able to enjoy the comfortable standard of living enjoyed by the parties before John left the home, we find that the maintenance award of $200 per month for two years is adequate. Nancy has immediate plans to develop additional marketable skills. The trial court did not abuse its discretion.

## III

### Attorney's Fees

4. Nancy's final claim is that, given the great disparity in the earning capacity of the parties, the trial court erred in awarding her only $500 in attorney's fees because her attorney represented her in juvenile court as well as in the present dissolution proceeding and because her fees were increased because of John's efforts to obtain joint custody and have unsupervised visitation.

Trial courts may award attorney's fees, *see* Minn.Stat. § 518.14 (1984), and their determination that such an award appropriate is discretionary. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977).

The trial court did not explain its award of attorney's fees, but the reasonableness of their value may be determined by the trial court's observation. *In re Kelly v. Kelly*, 374 N.W.2d 580, 582 (citation omitted).

Taking these principles into consideration, we cannot say the trial court's award has no acceptable basis in fact and principle, and therefore we must affirm. *See Castonguay*, 306 N.W.2d at 147.

### DECISION

The evidence sustains the trial court's property division. The trial court did not abuse its discretion in limiting spousal maintenance to two years or in awarding $500 in attorney's fees.

Affirmed.