In re Roberta Patricia FERLITTO, Lower Court Petitioner.

David T. REDBURN, Appellant,

v.

Anthony Vito FERLITTO, Respondent.

No. C1–96–2063.

Court of Appeals of Minnesota.

June 17, 1997.

David T. Redburn, Thurston & Redburn, P.A., Brooklyn Park, pro se.

David Redburn, Thurston & Redburn, P.A., Brooklyn Park, for Roberta P. Ferlitto.

Richard J. Bartz, Southdale Office Centre, Edina, for Appellant.

Considered and decided by DAVIES, P.J., and NORTON and MULALLY*, JJ.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

NORTON, Judge.

Appellant contends that the district court abused its discretion in ordering him to pay a portion of the judgment levied against petitioner, his client. We reverse and vacate.

## FACTS

David Redburn (appellant) represented Roberta Ferlitto (petitioner) during dissolution proceedings against Anthony Ferlitto (respondent). Prior to the trial, respondent obtained an ex parte order directing petitioner to place $55,000 into appellant's trust account. Allegedly, petitioner had taken this amount from the couple's home and had not returned it. This sum of money was given to respondent by his father prior to the marriage. In response to the ex parte order, petitioner placed the sum of $5,000 into appellant's trust account, claiming that was all she had taken.

Petitioner then moved the district court to quash the ex parte order. The district court granted the motion. Petitioner removed the $5,000 from appellant's trust account and used it to pay the legal fees she owed to appellant. Appellant accepted the $5,000 payment for attorney fees.

During the dissolution trial, petitioner denied taking $55,000 from the parties' home. Petitioner testified, however, that she paid appellant $5,000 for legal fees with funds she took from the parties' home. As a result, the district court ordered appellant to pay respondent $5,000. Petitioner moved to strike the portion of the order requiring appellant to make this payment, but the court denied the motion.

## ISSUES

1. Did the district court abuse its discretion in ordering appellant to pay a judgment?

2. Is respondent entitled to attorney fees?

## ANALYSIS

### 1. Payment of Judgment

A trial court's authority in dissolution actions is limited to that provided by statute, but the trial court has inherent power to grant equitable relief. *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 757–58 (Minn. 1981). When reviewing a district court's decision regarding distribution of property upon dissolution of marriage, this court can reverse the district court only upon an abuse of discretion. *White v. White*, 521 N.W.2d 874 (Minn.App.1994).

Appellant contends the district court abused its discretion in ordering him to pay a portion of the judgment. In support of his argument, appellant cites a number of rules, including Minnesota Rules of Civil Procedure 54.01,[1] 17.01,[2] and 4.01.[3] None are applicable.[4]

Respondent contends that *Erickson v. Erickson*, 452 N.W.2d 253 (Minn.App.1990), supports the district court's judgment against appellant. In *Erickson*, respondent moved to enforce the parties' dissolution decree provision that appellant sell the parties' property and give respondent 50% of the proceeds upon the 18th birthday of the parties' son. *Id.* at 254. The trial court found that appellant had not made reasonable efforts to sell the property and gave respondent a lien on the property, providing that respondent could foreclose on the lien if it was not paid in six months. *Id.* at 254–55. On appeal, appellant argued that the trial court exceeded its authority by improperly modifying the parties' original judgment and decree. *Id.* at 255. This court held that the trial court acted within its authority in set-

---

1. Minn. R. Civ. P. 54.01 states in pertinent part: "Judgment as used in these rules includes a decree and means the final determination of the rights of the parties in an action or proceeding."

2. Minn. R. Civ. P. 17.01 states in pertinent part: "Every action shall be prosecuted in the name of the real party in interest."

3. Minn. R. Civ. P. 4.01 states in relevant part: "The summons shall state the name of the court and the names of the parties * * * ."

4. Appellant also makes two arguments referring to rule 11 and Minn.Stat. § 549.21, subd. 2. The record does not suggest that the court ordered appellant to pay respondent based on these authorities.

ting the lien amount and in ordering that respondent could foreclose on the lien. *Id.*

In contrast to *Erickson,* here enforcement was sought against appellant, who was not a party to the original dissolution decree. Consequently, *Erickson* does not reach the dispositive issue in this case—whether ordering judgment against appellant, an alleged nonparty to the lawsuit, is within the district court's authority.

■ Whether a court may exercise authority over a nonparty is an issue of first impression in Minnesota. In foreign jurisdictions, the prevailing rule is that a trial court may not exercise jurisdiction over a nonparty.[5] *See Sonenstahl v. L.E.L.S., Inc.,* 372 N.W.2d 1, 4 (Minn.App.1985) (holding that foreign cases may be persuasive authority when Minnesota courts have not addressed particular area of law). We find this prevailing rule persuasive.

Likewise, the issue of whether the attorney representing a client in a lawsuit may be a party to that lawsuit is an issue of first impression in Minnesota. In *Akin v. Akin,* 276 S.W.2d 323, 326 (Tex.Civ.App.1955), the court held that the attorneys involved in the lawsuit were parties to the lawsuit because they were named in the pleadings, and recovery was prayed for in their behalf. *Id.* The following rule was applied to aid in the determination:

> The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be entered. * * * In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein.

*Id.*

■ In this case, appellant did not appear on his own behalf, was not included or named in the pleadings, made no argument on his behalf, and had no personal stake in the litigation. Therefore, we conclude that appellant is not a party to this lawsuit. The district court abused its discretion in exercising jurisdiction over appellant.

**2. Attorney Fees**

■ A district court's award of attorney fees will not be reversed absent a clear abuse of discretion. *Dicks v. Dicks,* 380 N.W.2d 156, 160 (Minn.App.1986). A trial court's finding of fact may be set aside only if clearly erroneous. *Muehlstedt v. City of Lino Lakes,* 473 N.W.2d 892, 900 (Minn.App.1991), *review denied* (Minn. Sept. 25, 1991). Minn. Stat. § 549.21, subd. 2 (1996) states in pertinent part:

> Upon motion of a party, or upon the court's own motion, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

Bad faith is an issue of fact that the district court is in the best position to judge. *Uselman v. Uselman,* 464 N.W.2d 130, 140 (Minn. 1990).

Respondent argues that appellant should be ordered to pay respondent's costs and attorney fees because appellant engaged in bad faith litigation. The record, however, does not establish appellant acted in bad faith or asserted a frivolous claim or defense at the trial level or in relation to this appeal. *See Videen v. Peters,* 438 N.W.2d 721, 725 (Minn.App.1989), *review denied* (Minn. June 21, 1989) (holding that former husband's bad faith justified award of attorney fees to former wife; husband reduced child support

---

5. *See Mapco Inc. v. Carter,* 817 S.W.2d 686–87 (Tex.1991) (trial court entered owelty award against parent company that was not party to litigation and appellate court reversed because parent company was not party in trial court partition action); *Patrick v. Patrick,* 728 S.W.2d 864, 866 (Tex.App.1987) (trial court ordered Department of Air Force to pay part of husband's disability payments to wife and appellate court reformed (reversed) because Air Force was not party to litigation).

38

obligations, allowed health insurance for children to lapse, and raised frivolous assertion that wife had committed fraud upon court by concealing subsidized adoption money). Appellant is not entitled to attorney fees under Minn.Stat. § 549.21, subd. 2.

### DECISION

The district court abused its discretion by ordering appellant to pay a portion of the judgment because he is not a party to this lawsuit. Appellant was not a party to this lawsuit because he did not appear on his own behalf, was not named in the pleadings, made no argument on his behalf, and had no personal stake in this litigation. In addition, respondent is not entitled to attorney fees because the record does not show that appellant acted in bad faith or asserted a frivolous claim or defense.

**Reversed and vacated.**