## In re ESTATE OF JANECEK

### No. C2–99–1437.

Supreme Court of Minnesota.

May 18, 2000.

William E. Haugh Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, personal representative.

William M. Hart, Meagher & Geer PLLP, Minneapolis, personal representative.

Brent W. Primus, Minneapolis, for respondent Robert L. Janecek.

David M. Jacobs, Minneapolis, for Robert C. Janecek.

## OPINION

GILBERT, Justice.

The question presented to us in this matter is whether an interlocutory appeal may be brought from a district court order disqualifying a personal representative's attorney in a probate proceeding. The Minnesota Court of Appeals dismissed personal representative William Haugh's (Haugh) appeal from a district court order that disqualified Kenneth J. Rohleder (Rohleder) from continuing as Haugh's attorney in his capacity as personal representative. The court of appeals stated that Minn.Stat. § 525.71 (1998) contained an exclusive list of appealable orders from a probate proceeding and therefore the order was not appealable, regardless of whether the order was otherwise appealable under the Rules of Civil Appellate Procedure. We reverse and remand.

Although this has been a lengthy and at times acrimonious probate proceeding, the facts relevant to this appeal are limited and not in dispute. Charles Janecek (decedent) died on June 15, 1989. Decedent's will was filed in Ramsey County District Court's Probate Division for probate. In the will, the decedent nominated his son, respondent Robert L. Janecek (Janecek), as personal representative. Janecek retained Rohleder and his firm, Rohleder & Pitton, Ltd., to represent Janecek as the personal representative of the estate. Rohleder had previously represented the decedent in varying matters while alive and had represented Janecek before as well.

Because of claims brought against the estate by Janecek's former wife and her objection to Janecek continuing as personal representative of the estate, Haugh subsequently replaced Janecek as personal representative. The record indicates that the appointment of Haugh was made at Rohleder's recommendation and with Janecek's permission. Rohleder continued as the attorney of record for the personal representative. Janecek continued to manage the estate property into 1991.

In 1991 there was a "falling out" between Janecek, Rohleder and Haugh over the personal representative's fees and attorney fees accruing as the estate failed to close. Haugh and Rohleder were also concerned about what they perceived as a failure on Janecek's part to cooperate with the probate process and disclose certain activities connected with his management of estate property.

At this point the probate of the estate became acrimonious and litigation ensued over the closing of the estate. Haugh, concerned over possible conflicts in using Rohleder as his attorney in his capacity as personal representative in adversarial litigation against Janecek, retained other counsel to depose Janecek. After Janecek

was removed as manager of the estate property, Rohleder resumed representation of Haugh in his capacity as personal representative.

Due to significant difficulties disposing of some of the estate's property, a final account of the estate was not submitted by Haugh until February 1998. Janecek objected to this final account, alleging financial mismanagement by Haugh and Rohleder. Specifically, Janecek objected to the fees to be paid to Haugh and Rohleder. Janecek later moved the court to disqualify Rohleder from continuing to act as counsel for the personal representative.[1] The district court granted Janecek's motion, concluding that under Minn. R. Prof. Conduct 1.9 and this court's ruling in *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720 (Minn.1983), the nature of Rohleder's prior representation of Janecek and the decedent created at least the strong appearance of a conflict of interest in his current representation of Haugh as personal representative of the estate.

Haugh appealed. Janecek moved the court of appeals to dismiss the appeal, arguing that Minn.Stat. § 525.71 exclusively controls appeals from probate proceedings and an order removing the personal representative's attorney is not listed in section 525.71. The court of appeals agreed and by order dated September 28, 1999, granted Janecek's motion to dismiss Haugh's appeal. *See Estate of Janecek,* No. C2–99–1437 (Minn.App. Sept. 28, 1999). Haugh petitioned this court for review of the court of appeals' decision, arguing that Minn.Stat. § 525.71 does not preclude an appeal from an order otherwise appealable under the Minnesota Rules of Civil Appellate Procedure.

■ We have not addressed section 525.71 since the probate courts were consolidated with the district courts and the Minnesota Court of Appeals was created.

---

1. While Rohleder continued to act as Haugh's counsel in Haugh's capacity as personal representative, Rohleder now retained separate counsel to represent him in this motion and his interests with respect to the estate.

Prior to that we ruled that this section was an exclusive list of appealable orders from a probate proceeding because of the nature and jurisdiction of the probate courts at that time. *See generally Swensen v. Board of Christian Science (In re Estate of Peterson),* 202 Minn. 31, 39–40, 277 N.W. 529, 534 (1938). This list includes 17 different types of orders. *See* Minn.Stat. § 525.71. Orders removing a personal representative's attorney are not included. Prior to 1983, we reasoned that because district courts had no inherent appellate authority and the probate courts had exclusive jurisdiction over probate proceedings, the right of appeal to the district court from a probate court proceeding was exclusively governed by statute. *See Estate of Peterson,* 202 Minn. at 39–40, 277 N.W. at 534; *see also Riener v. First Nat'l Bank of Minneapolis (In re Estate of Nunvar),* 257 Minn. 324, 327, 101 N.W.2d 145, 147 (1960). However, our reasoning in *Estate of Peterson* and subsequent cases interpreting Minn.Stat. § 525.71 as an exclusive list of appealable probate orders no longer applies.

■ Resolution of this appeal requires us to interpret section 525.71 in light of its 1983 amendment, which removed jurisdiction of appeals of probate proceedings from the district court and transferred it to the court of appeals. *See* Act of June 1, 1983, ch. 247, § 186, 1983 Minn. Laws 852, 951–52. The interpretation of a statute and of the rules of appellate procedure present only questions of law, therefore our review is de novo. *See In re Estate of Palmen,* 588 N.W.2d 493, 495 (Minn.1999); *Stoebe v. Merastar Ins. Co.,* 554 N.W.2d 733, 735 (Minn.1996).

In 1983 the Minnesota Court of Appeals was created by constitutional amendment and legislative act. *See* Act of Mar. 22, 1982, ch. 501, §§ 1, 3, 1982 Minn. Laws 569, 569–71. The amendment, which passed in November 1982, states in part that, "[t]he court of appeals shall have appellate jurisdiction over all courts, except the supreme court, and other appel-late jurisdiction as prescribed by law." Minn. Const. art. VI, § 2 (amended 1982). By this time the probate, municipal and county courts of the state had been consolidated into district courts of general jurisdiction. *See generally* Minn.Stat. § 487.191 (1998).

■ Under our inherent constitutional authority, we have promulgated rules of civil appellate procedure regulating those appeals that may be taken to the court of appeals from judgments and orders issued in judicial and administrative proceedings. *See* Minn. R. Civ.App. P. 103.03; *see generally State v. Erickson,* 589 N.W.2d 481, 485 (Minn.1999). Accordingly, the court of appeals' authority to hear matters arising out of the district courts of this state are limited only by the constitution and by the rules promulgated by this court. *See In re Clerk of Lyon County Courts' Compensation,* 308 Minn. 172, 180, 241 N.W.2d 781, 786 (1976) ("Inherent judicial power grows out of express and implied constitutional provisions mandating a separation of powers and a viable judicial branch of government. It comprehends all authority necessary to preserve and improve the fundamental judicial function of deciding cases."). Minnesota Rule of Civil Appellate Procedure 103.03 encompasses all appealable judgments and orders, with Rule 103.03(i) allowing for additional rights of appeal to be created by statute or under the decisions of our state's appellate courts.

■ Janecek argues that Minn.Stat. § 525.71 contains an exclusive list of orders that may be appealed from a probate proceeding and, furthermore, that Rohleder's disqualification from this matter is not appealable under Minn. R. Civ.App. P. 103.03. Haugh argues that the order removing counsel is an appealable order pursuant to Minn. R. Civ.App. P. 103.03(b) and (g) and that Minn.Stat. § 525.71 does not preclude an appeal from the district court's order. Haugh argues that the court of appeals' interpretation of section

525.71 as being the exclusive means to appeal a probate proceeding is in conflict with the constitution. However, Haugh argues that it is not necessary to reach this constitutional question but rather asks us to interpret this section in light of its 1983 amendment, the establishment of the court of appeals and Minn. R. Civ.App. P. 103.03(g).

The question before us now is whether an order disqualifying an attorney in a probate proceeding is an appealable order under the Rules of Civil Appellate Procedure. It is not necessary to determine whether Minn.Stat. § 525.71 is constitutional because section 525.71 and Rule 103.03 are not in conflict. Rule 103.03 governs those orders and judgments that may be appealed to the court of appeals. Rule 103.03(g) provides that unless precluded by statute, a "final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding" may be appealed to the court of appeals. Section 525.71 does not preclude an appeal of an order disqualifying an attorney in a probate proceeding. It merely identifies appeals that "may be taken from" certain orders and judgments and contains no mandatory terms or limitations. The issue is then whether such an order is a final order in a special proceeding.

We have defined a final order as one that ends the proceeding as far as the court is concerned or that "finally determines some positive legal right of the appellant relating to the action." *Weinzierl v. Lien,* 296 Minn. 539, 540, 209 N.W.2d 424, 424 (1973); *see also Gabel v. Ferodowill,* 254 Minn. 324, 337–38, 95 N.W.2d 101, 110 (1959). We have also recognized that a party has a substantial right to be represented by its attorney of choice. *See, e.g., Kerling v. G.W. Van Dusen & Co.,* 109 Minn. 481, 483–84, 124 N.W. 235, 235 (1910). In this case the court's order disqualifying Rohleder finally determined Haugh's right to be represented by his counsel of choice. We therefore conclude

that an order disqualifying a party's attorney of choice due to a conflict of interest is a final order affecting a substantial right. What remains to be determined is whether this was a special proceeding.

Our court has defined the term "special proceeding" with reference to appealable orders under Rule 103.03(g) and the rule's statutory predecessors. *See Willeck v. Willeck,* 286 Minn. 553, 554 n. 1, 176 N.W.2d 558, 559–60 n. 1 (1970); *Chapman v. Dorsey,* 230 Minn. 279, 283–84, 41 N.W.2d 438, 440–41 (1950). As we explained in *Chapman,* a special proceeding is a generic term for a remedy that is not part of the underlying action and that is brought by motion or petition, upon notice, for action by the court independent of the merits of the underlying action. *Id.* at 283, 41 N.W.2d at 440–41. We have held that a motion to enforce an attorney lien arising in a divorce proceeding is a special proceeding. *See Willeck,* 286 Minn. at 554 n. 1, 176 N.W.2d at 559–60 n. 1. We have also stated in criminal matters that a hearing to determine whether one attorney may represent two co-defendants is a special proceeding. *See State v. Eaton,* 292 N.W.2d 260, 262 (Minn.1980).

In this case the district court's order finally determined the disqualification of Haugh's attorney in a special proceeding under the court's inherent power to supervise the attorneys who appear before it. *See generally Holmberg v. Holmberg,* 588 N.W.2d 720, 726 (Minn.1999). The district court's determination was made under the Minnesota Rules of Professional Conduct and our decision in *Jenson* and was not dependent on the merits of this probate proceeding.

On the facts presented in this case, with respect to those orders *granting* a motion to disqualify an attorney for a conflict of interest in a probate proceeding, we conclude that the disqualification of an attorney for a conflict of interest is a final order in a special proceeding within the context of Rule 103.03(g). We therefore

hold that the order dismissing Haugh's attorney was an appealable interlocutory order under Rule 103.03(g). We reverse and remand this matter to the court of appeals for further proceedings in accordance with our decision.

Reversed and remanded.