Lisa PETERSON, Respondent,

v.

Philip JOHNSON, Appellant.

No. A06–1830.

Court of Appeals of Minnesota.

June 26, 2007.

J. Brian O'Leary, O'Leary & Moritz, Chartered, Springfield, MN, for respondent.

Gregory R. Anderson, Anderson Larson Hanson & Saunders, P.L.L.P., Willmar, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; TOUSSAINT, Chief Judge; and COLLINS, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

Upon certification by the district court, appellant Philip Johnson challenges the district court's denial of summary judgment in a home-warranty dispute, arguing that respondent Lisa Peterson failed to provide proper written notice under Minn. Stat. § 327A.03(a) (2006) and that respondent lacks standing to pursue the action because she no longer owns the home. Because respondent's summons and complaint satisfy the statutory notice requirement and because respondent retained ownership in the home during the redemption period, we answer the certified questions in the affirmative.

## FACTS

In the mid–1990s appellant built a home in Windom, Minnesota. The original owner sold the home to respondent in May 2000. Respondent attempted to sell the home in the fall of 2002, but a potential buyer refused after having the home inspected.

Respondent had the home inspected in the spring of 2003, and the inspection revealed numerous structural defects. Less than six months later, respondent served a summons and complaint on appellant, alleging breach of warranty, breach of contract, and negligence. Respondent at-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

tached to the complaint a 10–page inspection report that detailed the alleged construction defects. She did not provide any prior written notice to appellant.

After serving the summons and complaint, respondent defaulted on her mortgage, and the home was sold at foreclosure in June 2006. Respondent testified that she had no intent to redeem by the statutory redemption deadline, which was December 2, 2006.

Appellant moved for summary judgment on all of respondent's claims. The district court granted appellant summary judgment on respondent's breach of contract and negligence claims but denied the motion with respect to the home-warranty claim. The district court found that respondent has standing as a "vendee" under Minn.Stat. § 327A.01, subd. 6 (2006), because she retains ownership until the redemption period expires. The court also found that she gave proper written notice under section 327A.03(a) (2006) by serving the summons and complaint within six months of discovering the damage or loss.

The district court certified for appeal (1) whether respondent provided adequate written notice under section 327A.03(a) and (2) whether she is a vendee after the foreclosure but before the redemption deadline.

## ISSUES

1. Does a summons and complaint, accompanied by a detailed inspection report regarding alleged construction defects, satisfy the written-notice requirement in Minn.Stat. § 327A.03(a) (2006)?

2. Does a homeowner, after a foreclosure sale but before the redemption period expires, have standing as a vendee to maintain a home-warranty claim against the homebuilder?

## ANALYSIS

### 1. Notice

■ Appellant argues that the district court erred by finding that respondent gave adequate written notice of her home-warranty claim. He argues that a summons and complaint detailing the construction defects is inadequate notice under Minn.Stat. § 327A.03(a) (2006) because the notice requirement should be construed as a condition precedent to commencing a lawsuit.

■ Whether respondent's summons and complaint satisfy the notice requirement in section 327A.03(a) involves a matter of statutory construction, which this court reviews de novo. *Ryan Contracting, Inc. v. JAG Invs., Inc.*, 634 N.W.2d 176, 181 (Minn.2001). "If the statute is free from all ambiguity, we look only to its plain language." *Olson v. Ford Motor Co.*, 558 N.W.2d 491, 494 (Minn.1997).

Section 327A.03(a) limits liability for vendors or contractors in home-warranty disputes if the loss or damage is not reported in writing to the vendor or homebuilder within six months after the vendee or owner discovers, or should have discovered, the loss or damage. Minn.Stat. § 327A.03(a). Appellant contends that the statute's plain meaning requires timely written notice as a condition precedent to commencing a lawsuit; otherwise, a vendor or contractor loses the opportunity to cure any loss or defect. He reasons that the statute contemplates giving a vendor or contractor an opportunity to investigate and possibly remedy a dispute before "marching off to court." We disagree.

The plain language of section 327A.03(a) does not limit the form that the written notice must take or provide that written notice must be given before commencing suit. Appellant is unable to point to any authority indicating that section

327A.03(a)'s notice requirement creates a condition precedent. Unlike section 327A.03(a), the various other notice provisions appellant cites explicitly require written notice before bringing suit. *See* Minn. Stat. §§ 219.761, subd. 1 (2006) (stating that local government or non-profit firefighting corporation may sue railroad if railroad does not reimburse for fire-related damages after receiving timely notice of fire), 340A.802, subd. 2 (2006) (stating that "no action for damages or for contribution or indemnity may be maintained unless the [written] notice has been given"), 604.15, subd. 2(b) (2006) (requiring 30 days' written notice to owner of vehicle that receives motor fuel without payment before retailer can seek civil penalty).

██ The purpose of section 327A.03(a) is clear on its face—to limit the time in which an owner or vendee can assert a home-warranty claim against a vendor or contractor. Appellant does not challenge the timeliness of the notice in this case, and the summons and complaint provided a detailed description of the loss or damage appellant allegedly caused. Contrary to appellant's assertion, being served with a sufficiently detailed summons and complaint does not prohibit a vendor or contractor from investigating or remedying any loss or damage before becoming irretrievably entrenched in litigation. Therefore, we reject appellant's argument that section 327A.03(a)'s notice requirement creates a condition precedent to commencing suit. The district court properly held that the summons and complaint in this case complied with the statute's notice requirements.

### 2. Standing

██ Appellant also argues that respondent lacks standing because the home was sold at foreclosure and respondent no longer owned the home at that time. We review the legal issue of standing de novo. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Minnesota's home-warranty statute protects vendees during a ten-year period after the initial vendee's first occupancy from "major construction defects due to noncompliance with building standards." Minn.Stat. §§ 327A.01, subd. 8; 327A.02, subd. 1(c) (2006). A vendor is defined as "any person, firm or corporation which constructs dwellings for the purpose of sale, including the construction of dwellings on land owned by vendees." *Id.* at 327A.01, subd. 7 (2006). A vendee "means any purchaser of a dwelling and includes the initial vendee and any subsequent purchasers." The warranties "shall survive the passing of legal or equitable title in the dwelling to the vendee." Id. at 327A.02, subd. 2 (2006).

It is undisputed that respondent was a vendee entitled to home-warranty protection before the foreclosure sale. Respondent retained ownership and possession of the home during the redemption period. *Woodmen of World Life Ins. Soc. v. Sears, Roebuck & Co.*, 294 Minn. 126, 131, 200 N.W.2d 181, 184 (1972). Because respondent continued to own the home during the redemption period, she also maintained her vendee status. Therefore, respondent retained standing to pursue her home-warranty claim during the redemption period, regardless of the foreclosure sale.[1]

---

1. Despite respondent's apparent intent not to redeem, the record does not show whether she redeemed. The district court limited its holding to the narrow issue of whether respondent was a vendee entitled to pursue her home-warranty claim during the redemption period, and our review is similarly limited.

Appellant also urges us to consider the rights of the foreclosure purchaser during the redemption period, and the hypothetical consequences if the purchaser also asserted a home-warranty claim. We decline to reach this issue because the foreclosure purchaser is not a party to this action, and there is no evidence suggesting that the foreclosure purchaser asserted a home-warranty claim against appellant. *See In re Schmidt,* 443 N.W.2d 824, 826 (Minn.1989) (explaining that appellate court will only decide actual controversies and will not issue advisory opinions); *In re Ferlitto,* 565 N.W.2d 35, 37 (Minn.App.1997) (stating that court may not exercise authority over nonparty).

## DECISION

The district court properly held that a sufficiently detailed summons and complaint complied with the written-notice requirement in Minn.Stat. § 327A.03(a) (2006) and that a homeowner retaining ownership rights during the foreclosure-redemption period has standing as a vendee to maintain a home-warranty claim.

**Certified questions answered in the affirmative.**