*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0524**

In re the Marriage of:
Sandra Sue Grazzini-Rucki,
Petitioner Below,

Michelle L. MacDonald, et al.,
Appellants,

vs.

David Victor Rucki,
Respondent,

Linda Olup, Esq.,
Respondent,

Elizabeth Henry, Esq.,
Respondent,

Jennifer Evans, Esq.,
Respondent.

**Filed January 12, 2015
Affirmed
Rodenberg, Judge**

Dakota County District Court
File No. 19AV-FA-11-1173

Michelle Lowney MacDonald Shimota, MacDonald Law Firm, LLC, West St. Paul, Minnesota; and

Stephen Grigsby, Minneapolis, Minnesota (for appellants)

Lisa M. Elliott, Elliott Law Offices, P.A., Minneapolis, Minnesota (for respondent David Rucki)

Linda Olup, Olup & Associates, LLC, Edina, Minnesota (pro se respondent)

Gary K. Luloff, Chestnut & Cambronne, PA, Minneapolis, Minnesota (for respondent Elizabeth Henry)

Jennifer Evans, Eagan, Minnesota (pro se respondent)

Considered and decided by Rodenberg, Presiding Judge; Cleary, Chief Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellants Michelle L. MacDonald and MacDonald Law firm, LLC challenge the district court's imposition of monetary sanctions against them pursuant to Minn. R. Civ. P. 45.03. We affirm.

## FACTS

On January 8, 2013, appellant Michelle MacDonald and her law firm began representing petitioner-wife Sandra Grazzini-Rucki in an ongoing marriage dissolution proceeding. A trial was scheduled for September 11 and 12 to determine custody, parenting time, and child support. In preparation for trial, appellant MacDonald's associate arranged for service of subpoenas seeking invoices and billing information from wife's three former attorneys regarding the total fees wife paid in the ongoing dissolution.[1] Specifically, appellant sought "[a]ny and all invoices and billing records, payment record with respect to your representation of [wife]" and testimony in the September trial from respondents Linda Olup, Elizabeth Henry, and Jennifer Evans.

---

[1] Respondent Olup was served on August 30, 2013 and respondents Henry and Evans were served on September 3, 2013.

2

All three attorneys promptly responded to appellant MacDonald, in writing, and included the requested documents.[2] Olup requested that appellant MacDonald either compensate her for her time to prepare for and testify at trial or to release her from her obligation to testify based on the documents she had produced. She also informed appellant MacDonald that she would seek to quash the subpoena the next day. Henry requested compensation for her time in producing the records and noted "to the extent the billing records are being produced . . . [wife is] waiving the Attorney Client Privilege as well as the confidentiality of those documents" and that within "the next few days" she would seek to quash the subpoena. Evans informed appellant MacDonald that she would not appear without prepayment, was not available on the trial date, and that she had scheduled a motion to quash the subpoena.

On motion from Olup on September 5, the district court ordered that a hearing on her motion to quash be held the next day, finding "good cause shown" to hear the motion "earlier than 14 days after service of her Notice of Motion and Motion" because the trial was scheduled to begin six days from the date of the motion. Henry and Evans also moved to quash the subpoenas served on each of them. At the motion hearing, appellant MacDonald introduced herself for the record and stated "that I object to all of these proceedings. I just have a standing objection, as you know, that's in the file . . . [to] the entire divorce proceeding." After hearing arguments from the three subpoenaed attorneys, husband's attorney, and appellant MacDonald, the district court took the matter under advisement and invited all attorneys to submit proposed orders.

---

[2] Henry was represented by counsel who drafted the letter on her behalf.

On September 9, the district court granted the motions to quash the subpoenas as unduly burdensome and concluded that "[t]he subpoenaed non-party witness attorneys are entitled to compensation for the time they spent and the expenses they incurred in bringing this motion" and that the expenses "shall be assessed as sanctions against Michelle MacDonald, Esq. and the MacDonald Law Firm, LLC." The district court also ordered the attorneys to "submit affidavits detailing the time they spent and the expenses they incurred related to this motion and their respective hourly rates." The district court's incorporated memorandum cited rule 45.03(a) of the rules of civil procedure as authority for the sanctions, stating that the rules of evidence "provide[] for the admission of record of regularly conducted business activity to be admitted into evidence without testimony from the declarant if the records are relevant to the proceeding" and stated that "any needed foundation for the bills could presumably be provided by [wife] as the recipient of the bills."[3]

Each subpoenaed attorney submitted an affidavit stating the fees each incurred. The district court subsequently ordered appellant to pay Olup and Associates, LLC $4,415.00, the Law Office of Jennifer Evans $377.50, and Chestnut Cambronne, PA $1,450.00, all payable within 30 days of the order. If unpaid, "[j]udgment shall be entered against Michelle MacDonald individually in favor of the attorneys and law firms." Judgment was entered for Olup and Associates, LLC on December 19, 2013 for

---

[3] In hearing husband's motions in limine prior to trial, the district court ruled that the attorney fees were irrelevant.

$4,415.00 and judgment was entered for Chestnut Cambronne, PA[4] on February 6, 2014 for $1,450.00. To date, respondent Evans has not obtained a judgment for her $337.50 award. This appeal followed.

## D E C I S I O N

We first address whether this appeal is properly before us. An appeal may be taken from a "final order, decision or judgment affecting a substantial right" made in a special proceeding. Minn. R. Civ. App. P. 103.03 (g). A special proceeding is "a remedy that is not part of the underlying action and that is brought by motion or petition, upon notice, for action by the court independent of the merits of the underlying action." *In re Estate of Janacek*, 610 N.W.2d 638, 642 (Minn. 2000). An appeal of an order awarding attorney fees properly lies from the judgment entered on the order. *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 789-90 (Minn. 2009).

Appellants were ordered to pay fees to three separate attorneys and their respective law firms, but only two of the three attorneys, Henry and Olup, have obtained judgments. Appeal from those judgments is proper as a matter of right. The third appeal from the order awarding fees to Evans, and not reduced to judgment, would ordinarily be premature. Evans makes no appearance on appeal. However, we "may reverse, affirm, or modify the judgment or order appealed from *or take any other action as the interest of justice may require*." Minn. R. Civ. App. P. 103.04 (emphasis added); *see also Losen v. Allina Health System*, 767 N.W.2d 703, 707 (Minn. App. 2009) (granting review when

---

[4] The judgment contains a clerical error and identifies "Chestnut Camronne, PA" as judgment creditor. No party to this appeal has raised any issues concerning this evident clerical error.

the claims involved the same narrow issue as other proper claims to avoid expense and delay). We conclude that it is in the interests of justice and judicial economy to consider this case on the merits concerning all three fee awards and that no party would be prejudiced by our doing so. *See Losen*, 767 N.W.2d at 707.

Appellants argue that the district court erred when it issued sanctions against them for imposing an undue burden on respondents. We review a district court's decision to quash a subpoena for an abuse of discretion. *In re Coleman*, 793 N.W.2d 296, 303 (Minn. 2011). We "must conclude that the district court erred by making findings unsupported by the evidence or by improperly applying the law" to find an abuse of discretion. *State v. Underdahl*, 767 N.W.2d 677, 684 (Minn. 2009).

The rules of civil procedure provide that an attorney issuing subpoenas "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena" and that the district court "shall enforce this duty" and "impose upon the party or attorney in breach of this duty an appropriate sanction." Minn. R. Civ. P. 45.03(a). The sanction may include reasonable attorney fees. *Id.* The rules also provide that on a "timely motion, the [district] court on behalf of which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Minn. R. Civ. P. 45.03(c)(1)(D).

Appellant MacDonald had a duty to avoid imposing an undue burden on respondents under rule 45.03(a). Aside from her "standing objection . . . [to] the entire divorce proceeding," the only reason appellant MacDonald gave in support of the subpoenas was that she wanted to prove the amount of legal fees her client had paid. As

the district court observed, there were a number of alternative and less-burdensome ways for her to prove the amount of the fees wife had paid, including having wife testify to the fees she had paid. It was not necessary to subpoena the attorneys.

Appellants argue that it was proper and reasonable to issue subpoenas for documents and testimony from the attorneys in this case. Appellants fail to provide supporting authority from the record or legal authority to demonstrate that there were no less burdensome methods available to introduce this evidence. Even assuming that the payments for attorney fees were relevant, appellants fail to explain why their client could not testify to the amount of attorney fees she paid throughout the course of litigation, an obvious method of proving the issue that would have been less burdensome than subpoenaing respondents. Neither have appellants explained why the documents produced by the attorneys in response to the subpoenas were insufficient. From the record, it also appears that counsel for Mr. Rucki did not dispute foundation or the fact of the amounts paid by appellants' client.

Appellants argue that the rules of evidence prohibit them from introducing the invoices at trial without the testimony of the subpoenaed attorneys. Appellants cite *Palmer v. Hoffman*, 318 U.S. 109, 113, 63 S. Ct. 477, 480 (1943), to support their theory that attorney invoices are not business records made in the regular course of business and therefore are inadmissible hearsay. Appellants do not cite any law other than *Palmer*, which, they argue, makes "specific mention of lawyer's office records and the general complexity of whether something is a true business record" and they conduct no analysis

of the case in their brief. [5] Even if appellants' argument had merit, they provide no reason why *Palmer* should be applied to the routine matter of an attorney's bill that has been paid.

Appellants also argue that the subpoenas did not impose an undue burden on respondents and that the district court improperly "confused 'undue burden' with any legitimate burden." Appellants argue that their actions did not constitute an undue burden because an undue burden is "one that imposes a gratuitous burden in excess of what is necessary to satisfy the legitimate purpose of the subpoena." Appellants provide no legal support for this assertion. The rule requires an attorney to avoid using subpoenas to create an "undue burden," and it makes no reference to "gratuitous." Minn. R. Civ. P. 45.03(a). Appellant MacDonald's duty required her to use other and less burdensome avenues to obtain and introduce evidence of legal fees paid by her client before issuing subpoenas to nonparty attorneys. The record supports the district court's conclusion that appellant MacDonald breached her duty to avoid imposing an undue burden on respondents.

---

[5] The cited excerpt from *Palmer* states:

> But the fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made 'in the regular course' of the business within the meaning of the Act. *If it did, then any law office in the land could follow the same course, since business as defined in the Act includes the professions.* We would then have a real perversion of a rule designed to facilitate admission of records which experience has shown to be quite trustworthy.

318 U.S. at 113, 63 S. Ct. at 480 (emphasis added).

After concluding that appellant MacDonald breached the duty imposed by the rules of civil procedure, the district court properly sanctioned appellants. Sanctioning a breach of this duty "may include, but is not limited to, lost earnings and a reasonable attorney's fee" for the nonparty witness subjected to the subpoena. Minn. R. Civ. P. 45.03(a). The rule also provides that the subject of a subpoena "who is required to give testimony or produce documents . . . is entitled to reasonable compensation for the time and expense involved in preparing for and giving such testimony or producing such documents." Minn. R. Civ. P. 45.03(d). The district court "has a wide discretion as to the means to be employed in protecting the parties and witnesses." *Baskerville v. Baskerville*, 246 Minn. 496, 507, 75 N.W.2d 762, 769 (1956). The district court "shall exercise its power with liberality in issuing orders which justice requires for the protection of parties or witnesses from unreasonable annoyance, expense, embarrassment, or oppression." *Id.* at 506, 75 N.W.2d at 769.

The district court issued what appears to us to have been a modest sanction against appellants and showed restraint by awarding only fees actually incurred by the attorneys in moving to quash the subpoenas. The district court specifically found that the sanctions "would put [respondents] in the same position they would have been in but for the failure of Ms. MacDonald to consider the various rules available to her to submit the Petitioner's attorney bills to the extent these are deemed relevant." The district court did not impose any sanction or monetary award unauthorized by rule 45.03.

9

Appellant MacDonald also argues that her due process rights were violated. We review a claim of a denial of due process de novo. *Zellman ex rel M.Z. v. Indep. Sch. Dist. No. 2758*, 594 N.W.2d 216, 220 (Minn. App. 1999). Appellant MacDonald argues:

> The only distinguishable process is that provide [sic] by Rule 45. Following service, Appellant was essentially ambushed by Respondents with a barrage of pleadings, and was required by the court to appear the very next day. In the motions and pursuit of sanctions against the Appellant, there were no clear rules or distinguishable rules followed. Any court rules were either not followed or relaxed.

"In order to establish that a due process violation occurred, a party must 'identify specific facts that, if proven, would demonstrate that [the district court] deprived [the party] of a constitutionally protected property or liberty interest.' Here, appellant has failed to do so." *Id.* (citation omitted). Because appellant MacDonald failed to adequately brief this issue and support her arguments with legal authority, we need not address her argument. *Dep't of Labor and Industry v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997).

Moreover, and even if we were to address the merits of appellant MacDonald's due process claim, nothing in the record supports appellant MacDonald's claim that her due process rights were violated. Appellant MacDonald was provided notice of the hearing on the motions, she attended the hearing, and at the hearing she was provided ample opportunity to argue why respondents' testimony was necessary and why issuing subpoenas to them did not impose an undue burden. After initially objecting to "all of these proceedings," appellant MacDonald argued at some length that the subpoenas were proper. The district court also invited all attorneys, including appellant MacDonald, to

10

submit proposed orders after the hearing. We conclude that appellant MacDonald's due process claim is without merit.

Appellants also argue that the district court abused its discretion by "allowing attorneys to intervene" and become judgment creditors in the case to which they were not parties. But there was no intervention by the nonparty attorneys in this case. The subpoenaed attorneys moved to quash the subpoenas, as they were entitled to do. The civil rules specifically provide that the subject of the subpoena may move the court to quash the subpoena. Minn. R. Civ. P. 45.03(c). Appellants' reliance on caselaw concerning intervention into family court matters by nonparties is inapposite. The district court did not err in hearing, and granting, the motions to quash and for sanctions.

Appellant MacDonald further argues that she, herself, cannot be subject to the district court's jurisdiction because she was a nonparty, citing *Ferlitto v. Ferlitto*, 565 N.W.2d 35, 37 (Minn. App. 1997). In *Ferlitto*, we concluded that the attorney for wife could not be responsible to pay the judgment to the husband because the attorney was not a party to the case, and the district court therefore could not exercise jurisdiction over the attorney. *Id.* However, *Ferlitto* is also inapposite as the judgment in that case was for a party against the wife's attorney for a portion of the ultimate judgment in the case. *Id.* Here, the motion proceeding was a special proceeding, separate from the ultimate issue in the case, and all parties to the judgment were nonparties to the underlying dissolution case. *See Janacek*, 610 N.W.2d at 642. *Ferlitto* provides no support for appellant MacDonald's argument in this case. Moreover, appellant MacDonald fails to explain how the civil rules, which allow for sanctions, can be interpreted to prohibit reducing

11

such a sanction to judgment. Appellant MacDonald's position, if adopted, would render the rule permitting such sanctions meaningless. The district court was explicitly permitted, by rule, to award sanctions against appellants. The district court did not abuse its discretion in permitting judgment to be entered to enforce the awards.

The district court neither erred in applying the law nor abused its discretion in sanctioning appellants for breach of an attorney's duty under Minn. R. Civ. P. 45.03(a) to take reasonable steps to avoid imposing undue burden or expense on subpoenaed former attorneys of appellants' client.

**Affirmed.**