# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-2091

In the Matter of the Welfare of the Child of:
E. G. and K. G., Sr., Parents.

**Filed March 14, 2016**
**Appeal dismissed**
**Cleary, Chief Judge**

Big Stone County District Court
File No. 06-JV-15-134

Ronald R. Frauenshuh, Jr., Ortonville, Minnesota (for appellants E. G. and K. G., Sr.)

William J. Watson, Big Stone County Attorney, Ortonville, Minnesota (for respondent Big Stone County Family Services)

Barbara Wiese, Ortonville, Minnesota (guardian ad litem)

Considered and decided by Cleary, Chief Judge; Johnson, Judge; and Rodenberg, Judge.

## S Y L L A B U S

An intermediate dispositional order in a juvenile-protection proceeding is not appealable as a matter of right under Minn. R. Juv. Prot. P. 47.02, subd. 1.

## S P E C I A L   T E R M   O P I N I O N

**CLEARY**, Chief Judge

Appellants E. G. and K. G., Sr. are the parents of two minor children (Child 1 and Child 2), who are the subjects of a child-in-need-of-protection-or-services (CHIPS)

petition. This appeal is taken from intermediate dispositional orders in the CHIPS matter. We conclude that the orders are not final and, therefore, are not appealable as a matter of right.

In July 2015, respondent Big Stone County Family Services (the county) filed a CHIPS petition with respect to both children. Appellants admitted to the allegations of the petition. On July 23, 2015, the district court's CHIPS adjudication order was filed, which transferred physical and legal custody of Child 1 to the county for foster-care placement and directed that Child 2 remain with appellants subject to the county's protective supervision.

On December 10, 2015, the county filed an emergency motion to remove Child 2 from appellants' home. After a hearing on December 11, 2015, the district court issued an order on December 14, 2015, directing that Child 2 be placed in foster care, pending investigation of the homes of relatives. In the order, the district court found that appellants undermined the goals of therapy for Child 2 by punishing her for being forthcoming in therapy sessions, and that Child 2 continued to receive corporal punishment from appellants, in contravention of the case plan.

On December 17, 2015, the district court held a dispositional review hearing for both children. The resulting orders filed on December 17, 2015, direct that the children remain in foster care and that the county shall determine whether it can license the children's grandparents as a possible placement option when the children no longer need therapeutic foster care, or more specialized care than the grandparents can give. The

December 17, 2015 orders allow appellants supervised visitation with the children, and schedule a dispositional review hearing on March 9, 2016.

On December 28, 2015, appellants filed this appeal from the December 14, 2015, and December 17, 2015 orders. Appellants' statement of the case lists three proposed issues for the appeal: (1) did the removal of Child 2 from the home constitute a critical stage of the proceedings for which a due-process hearing was required; (2) was there evidence of corporal punishment of Child 2; and (3) did the county exercise due diligence in locating a relative for potential placement of the children?

This court questioned whether the intermediate dispositional orders are final and appealable as a matter of right. Appellants and the county filed memoranda.

## D E C I S I O N

In a juvenile-protection proceeding, "an appeal may be taken by [an] aggrieved person from a final order of the juvenile court affecting a substantial right of the aggrieved person, including but not limited to an order adjudicating a child to be in need of protection or services, neglected and in foster care." Minn. R. Juv. Prot. P. 47.02, subd. 1. Appellants admitted to the allegations of the CHIPS petition and did not appeal the July 23, 2015 CHIPS adjudication order.

A "final" order ends the proceeding as far as the court is concerned or finally determines some positive legal right of appellant relating to the action. *In re Estate of Janecek*, 610 N.W.2d 638, 642 (Minn. 2000). In a juvenile-protection proceeding, interim dispositional orders granting legal custody to a social services agency are subject to district court review at least every 90 days. Minn. R. Juv. Prot. P. 41.06, subd. 1. Any

3

party or the county attorney may request a review hearing before 90 days. *Id.* The county argues that an intermediate dispositional review order cannot be considered a "final" order because it is always subject to review and modification. Appellants contend that the December 14, 2015, and December 17, 2015 orders are final because Child 2 was removed from their home without a "due process" hearing and because the December 14, 2015, and December 17, 2015 orders determined the issue of the removal of Child 2 from appellants' home.

The dispositional review hearing shall be conducted pursuant to rule 41.04. Minn. R. Juv. Prot. P. 41.06, subd. 6. "Disposition hearings shall be conducted in an informal manner designed to facilitate the opportunity for all parties to be heard." Minn. R. Juv. Prot. P. 41.04. The district court "may admit any evidence, including reliable hearsay and opinion evidence, which is relevant to the disposition of the matter." *Id.*

The district court's December 14, 2015, and December 17, 2015 orders were issued after dispositional review hearings. The December 14, 2015, and December 17, 2015 intermediate orders are not "final" orders determining the placement of the children. The December 17, 2015 orders direct the county to investigate whether grandparents are a suitable placement option for the children, and the orders schedule another review hearing.

The district court "shall commence permanent placement determination proceedings to determine the permanent status of the child not later than twelve (12) months after the child is placed in foster care or in the home of a noncustodial or nonresident parent." Minn. R. Juv. Prot. P. 42.01, subd. 5(b). The district court is

4

required to commence and complete a trial on the permanency petition within the time specified in rule 39. Minn. R. Juv. Prot. P. 42.04(c). If the children are not returned to appellants' home, appellants will be entitled to a trial on the county's permanency petition. The district court's intermediate dispositional orders prior to the permanency hearing do not determine a substantial right of appellants and, therefore, are not appealable as a matter of right under Minn. R. Juv. Prot. P. 47.02, subd. 1.

**Appeal dismissed.**