**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1697**

In the Matter of the Welfare of the Child of:
T. M. A. and M. J. R., Parents.

**Filed January 8, 2024
Appeal dismissed
Segal, Chief Judge**

Itasca County District Court
File No. 31-JV-23-1873

Jennifer L. Thompson, JLT Law & Mediation, Litchfield, Minnesota (for appellant-father
T.M.A.)

Matti R. Adam, Itasca County Attorney, Michael J. Haig, Chief Assistant County Attorney,
Grand Rapids, Minnesota (for respondent Itasca County Health and Human Services)

Rachel Hughes, Grand Rapids, Minnesota (guardian ad litem)

Considered and decided by Segal, Chief Judge; Cochran, Judge; and Larson, Judge.

**SYLLABUS**

When a district court defers finalizing an order transferring permanent legal and
physical custody of a child to a relative so that eligibility of the relative for Northstar
kinship assistance can be determined, the order is not a final, appealable order under Minn.
R. Juv. Prot. P. 23.02, subd. 1.

**SPECIAL TERM OPINION**

**SEGAL**, Chief Judge

Appellant T.M.A. filed this appeal, challenging the district court's order transferring
permanent legal and physical custody of T.M.A.'s child to relatives.  The district court

stated in the order that it was "appropriate to defer finalization of [the] order to determine eligibility [of the relatives] for Northstar kinship assistance under Minn. Stat. Chap. 256N" and that the court would hold a hearing "to review the status of Northstar kinship assistance determinations."[1]

This court questioned whether the order was final and appealable and, if not, whether this appeal must be dismissed as premature. T.M.A. and respondent Itasca County Health and Human Services (the county) filed informal memoranda. The county separately moved to dismiss the appeal, asserting that T.M.A. failed to timely serve the notice of appeal on the child's other parent.

## DECISION

T.M.A. and the county both contend that the order is final and appealable, arguing that it constitutes a final determination concerning T.M.A.'s right to permanent legal and physical custody of the child. They maintain that further proceedings will focus on the eligibility of the relatives for Northstar kinship assistance, not on T.M.A.'s rights concerning custody, care, and control of the child. And as set out in the county's

---

[1] Northstar kinship assistance provides medical coverage and reimbursement of nonrecurring expenses associated with obtaining permanent legal and physical custody of a child and may include financial support provided under agreement with the financially responsible agency, the commissioner of human services, and the relative who has received a transfer of permanent legal and physical custody of a child. Minn. Stat. § 256N.02, subd. 11 (2022). To establish eligibility for Northstar kinship assistance, the legally responsible agency must complete a background study on each prospective relative custodian seeking Northstar kinship assistance and any other adult residing in the home of the prospective relative custodian and make certain determinations regarding permanency, including a determination that the child demonstrates a strong attachment to the prospective relative custodian and that the prospective relative custodian has a strong commitment to caring permanently for the child. Minn. Stat. § 256N.22, subds. 2, 4 (2022).

memorandum, they assert that "[n]othing in the district court's order states or implies that it intends to keep the door open for more litigation on the permanent custody issue" as to T.M.A.

"An appeal may be taken by the aggrieved person from a final order of the juvenile court affecting a substantial right of the aggrieved person." Minn. R. Juv. Prot. P. 23.02, subd. 1. An order transferring permanent legal and physical custody of the child would clearly affect a "substantial right" of T.M.A. *See SooHoo v. Johnson*, 731 N.W.2d 815, 820 (Minn. 2007) ("A parent's right to make decisions concerning the care, custody, and control of his or her children is a protected fundamental right."). The only issue we must resolve then is whether the order is a "final order" transferring custody of the child.

Section 260C.515 of the Minnesota Statutes provides that, if a "child is not returned to the home at or before the conclusion of permanency proceedings under sections 260C.503 to 260C.521, the court must order one of the permanency dispositions" set out in the section. Minn. Stat. § 260C.515, subd. 1 (2022). The permanency dispositions in section 260C.515 include, among other options, the termination of parental rights and the transfer of permanent legal and physical custody to a relative. *Id.*, subds. 2, 4 (2022). When the disposition involves transfer of custody to a relative, as is the case here, subdivision 4(8) of the statute provides that the district court "may defer finalization of an order transferring permanent legal and physical custody to a relative when deferring finalization is necessary to determine eligibility for Northstar kinship assistance under chapter 256N." *Id.*, subd. 4(8); *see also* Minn. Stat. § 256N.22, subd. 2(a) (stating that "[t]o be eligible for Northstar kinship assistance, the legally responsible agency must [make

3

certain] determinations regarding permanency for the child *prior to* the transfer of permanent legal and physical custody" (emphasis added)).  Here, the district court ordered that finalization was to be deferred until eligibility for Northstar kinship assistance could be determined.

The word "defer" is defined by *Black's Law Dictionary* as meaning: "To postpone; to delay until a later date."  *Black's Law Dictionary* 533 (11th ed. 2019).  That same dictionary defines the word "final" as meaning: "not requiring any further judicial action by the court that rendered judgment to determine the matter litigated; concluded."  *Id.* at 773.  In another context, the supreme court has "defined a final order as one that ends the proceeding as far as the court is concerned or that finally determines some positive legal right of the appellant relating to the action."  *In re Est. of Janecek*, 610 N.W.2d 638, 642 (Minn. 2000) (quotation omitted); *see also T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 788 (Minn. 2009) ("A final judgment ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quotations omitted)).

Applying these definitions to the plain language of the order, we must conclude that the order is not a final, appealable order under Minn. R. Juv. Prot. P. 23.02, subd. 1.  This appeal is therefore premature.  T.M.A. may seek review of the order in a timely appeal from a final order, if any, transferring custody of the child.  We caution, however, that the district court should proceed with all deliberate speed to reach a final determination.  Because this appeal is premature, we deny as moot the county's motion to dismiss the appeal for lack of timely service on the child's other parent.

**Appeal dismissed.**

4